# Stephens *v.* Regenstein & Co.

*Statutory Claim Suit for Stock of Goods.*

1. *Sale of stock of goods by insolvent debtor; stipulation for employment as clerk.*—On a sale of his stock of goods by an insolvent debtor, a stipulation for the continuance of the business by the purchaser, and his own employment as clerk at a monthly salary, operates the reservation of a benefit to him, and renders the transaction fraudulent as against creditors.

2. *Error without injury in charges given or refused.*—When, on the undisputed facts, a general charge in favor of the plaintiff might have been given, and the amount of the verdict is not more than he was clearly entitled to recover, this court will not, at the instance of the defendant, inquire into the correctness of special charges given or refused, since no injury could have resulted from any error in reference to them.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This was a trial of the right of property in and to a stock of goods, between J. Regenstein & Co., plaintiffs in attachment against T. A. Stephens, and B. F. Stephens as claimant. The plaintiffs' attachment was sued out on the 1st November, 1887, and was levied on the same day on the stock of goods, which was in the house where said T. A. Stephens had been carrying on a millinery business for several years. B. F. Stephens was a brother of said T. A. Stephens, and claimed the goods under a purchase for cash a few days before the levy of the attachment, the exact date not being stated. The value of the stock of goods was "about $2,000," and the agreed price was fifty cents on the dollar of the invoice price, aggregating $1,162. The bill of exceptions states that the testimony tended to show that the goods "were well sold at that price;" several merchants, to whom they were offered, having refused to give more than 33.3

36

cents on the dollar of invoice price.    T. A. Stephens was at that time insolvent, owned no other property, and several suits were pending against him; and his brother, the purchaser, knew his embarrassed condition.    He informed his brother, pending the negotiations between them, that he owed his mother a debt of over $400, his wife a debt of about $500, and several small sums to other persons; and that he desired to sell his goods in order to pay these debts, since the property would be consumed by costs and expenses of sales under execution.    It was shown that the money received on the sale of the goods was applied in satisfaction of these several debts.    The claimant excepted to several charges given by the court, some *ex mero motu*, and others at the instance of the plaintiffs, and also to the refusal of several charges asked by him; and these rulings are here assigned as error.    Under the charges of the court, the plaintiffs had a verdict and judgment for $162, the excess of the purchase-money paid over and above exemptions.

GARDNER & WILEY, for appellant.

STONE, C. J.—The bill of exceptions in this record affirms that it contains all the evidence.    On the question which we consider decisive of the case, the testimony comes from the claimant—appellant here—and it is free from conflict.    One of the terms of the sale from T. A. Stephens, the debtor, to B. F. Stephens, the claimant, was, that the business should be continued in the name of said B. F., the purchaser, and that T. A. Stephens, the failing debtor, should be placed in control and management of it at a monthly salary of forty dollars.    B. F. Stephens, the purchaser, knew his brother T. A. Stephens was insolvent, and that the purpose of the sale was to enable him to prefer certain creditors, of whom his mother was one.    The sale was for money. One of the direct results of the sale was, that by the agreement the failing debtor secured to himself a paying employment, which but for the sale and agreement he would not have had.    This was a benefit secured to him, which rendered the transaction fraudulent, as to that part of the property conveyed which was in excess of the debtor's exemptions.—*McDowell v. Steele*, 87 Ala. 493, and authorities cited; *Knowles v. Street, Ib.* 357.

The recovery in this case was only for the excess above T. A. Stephens' exemptions, and to that extent the plaintiff

[Davis & Son v. Hays.]

was clearly entitled to a verdict. The general charge in favor of plaintiffs, if asked, should have been given, which would have secured to them the precise recovery they obtained. Under such circumstances, we will not inquire whether or not error was committed in charges given or refused. Such errors, if any were committed, were without injury.—*Pritchett v. Pollock,* 82 Ala. 169; *Smith v. Ga. Pac. Railway Co.,* at present term.

Affirmed.