# Page *v.* Francis,

# and

# Francis *v.* Page.

*Bill to Set Aside Fraudulent Conveyance.*

| 97 | 379 |
| 98 | 265 |
| 97 | 379 |
| 104 | 341 |
| 97 | 379 |
| 108 | 422 |
| 110 | 516 |

1. *Cross assignments of error only allowed by consent.*—Where an appeal is taken by one party only, appellee cannot assign errors on the record unless the opposite party consents in writing, or joins in error. Code, Rule 3, p. 800.

2. *Burden of proof establishing consideration.*—In a controversy between a creditor assailing a conveyance as fraudulent and the grantee of an insolvent debtor, the burden is on the grantee to establish the justness and amount of the indebtedness alleged to be a consideration of the conveyance.

3. *When evidence is uncertain the consideration is not established.*— If both the debtor and the grantee fail to testify with certainty to a large debt mentioned in the deed, and it appears that in their testimony in a former suit, neither testified about the debt, the evidence is insufficient to establish an adequate consideration for the deed.

4. *Reservation of benefit to grantor.*—If an insolvent debtor convey land to one of his creditors and retains possession of the premises under a special agreement that he should receive the rents for the benefit of his parents, and has received such rents, this unexplained, is the reservation of a benefit to the grantor.

APPEAL from the City Court of Birmingham.

Heard before Hon. H. A. SHARPE.

[Page v. Francis, and Francis v. Page.]

BUSH & BROWN, and WATTS & SON, for appellants, Page and Brake.   No brief on file.

CABANISS & WEAKLEY, for Francis, cited *Hubbard v. Allen*, 59 Ala. 283; *Hodges v. Coleman*, 76 Ala. 103; *Mobile Savings Bank v. McDonnell*, 89 Ala. 434; *Lehman v. Greenhut*, 88 Ala. 478; *Sims v. Gains*, 64 Ala. 392; *Leskins v. Aird*, 6 Wal. 78; *Regenstein v. Stephens*, 89 Ala. 561; *Harrell v. Mitchell*, 61 Ala. 270.

HEAD, J.—Appellants move to strike out the assignment of errors made by appellee on the ground, that there is no cross appeal and no consent that he may assign errors.   Under the rule of practice, when the appeal is taken by the party or parties on one side only, the appellee cannot assign errors on the record brought up by the appellant, except by his consent in writing endorsed on the transcript, or there is a joinder in such assignment of errors.—Code, page 800. There being no cross appeal, or consent in writing, or joinder, the assignment of errors by appellee must be stricken out; and it is so ordered.

This leaves for consideration, only the assignment of errors by appellants.   By the bill, appellee seeks to set aside a sale and conveyance of the land therein mentioned by J. L. Page to T. L. Brake, on the ground, that it was fraudulent as to the creditors of Page.   The deed is dated April 3, 1888.   Complainant having shown that he was an existing creditor of Page at that time, the *onus* of proving that the deed was founded on a valuable and adequate consideration was cast on the grantee.   The consideration attempted to be proved in support of the deed is, not a pecuniary consideration as recited therein, but the payment of an indebtedness, which, it is asserted, Page owed Brake.   When a transaction by which one creditor purchases property from an insolvent debtor in extinguishment of his debt, is assailed as fraudulent by another existing creditor, it is incumbent on the grantee to establish the justness and amount of the indebtedness, and the adequacy of the consideration.—*Moore, Marsh & Co. v. Penn & Co.*, (Present Term.)

The items constituting the indebtedness are stated by Page in his testimony as follows: "In the first place, he, (Brake) was security on a note from myself to R. T. Goss for $600.00 and I had paid $293.38 on it, which left a balance of $306.62, which Mr. Brake paid; the next was a note to Dr. Cross at Warrior for $119.75 which Mr. Brake also paid; and the next is a note for $700.12 given on January 1, 1887, payable to the order of J. L. Brake, and on February

23, 1888, Mr. Brake received in merchandise from my store, $301.10, which left a balance on that note of $399.02." Brake also testifies, that this is substantially a correct statement of the items of indebtedness. The payment of the amounts stated to Goss and Cross respectively seem to be satisfactorily shown. We pass to the consideration of the next item of indebtedness—the note for $700.00 in regard to which the evidence is not of that character which cases like the present demand. Page testifies, "the note for $700.00 was given for money that I had used, and which I had gotten at various times; $350.00 of it went on a mortgage I had out. I think I got the balance some time in 1886. I got the $350.00 about the first of January, 1887, and the balance I think was gotten prior to that time." Brake testifies: "the 700.00 note, marked exhibit g. to the deposition of J. L. Page was for something he owed me besides the $350.00 I paid on the Penick mortgage; it might have been money; I reckon it was." This is the entire testimony tending to show the consideration or *bona fides* of the note for $700.00. The note is dated January 1, 1888, and is in the handwriting of Brake. No memoranda of the moneys gotten in 1886, before the note was given, were kept, or any evidence of the indebtedness taken, so far as shown by the testimony. The evidence is too vague, indefinite and uncertain; it was in the ability of Brake to produce clearer and more satisfactory proof.—*Hubbard v. Allen,* 59 Ala. 283.

In a suit on the bond, executed by complainant to procure the issue of an attachment against Page, he, and Brake testified, and were examined as to the indebtedness of Page to him, at the time the attachment was levied on a part of his stock of goods, which was February 23, 1888. On that trial, as shown by the testimony of three witnesses, Page testified that at the time the attachment was levied, he was indebted to Brake $500.00 or $600.00, which he explained by saying, that he really owed him $138.00 or $128.00, the witnesses did not remember which; and that Brake had indorsed for him a certain note to Goss and a certain note to one Neal, amounting to between $500.00 and $600.00, and that something over $300.00 was paid on his indebtedness at, or about the time he was closed out by the levy of the attachment; also that Brake testified that at the time Page was indebted to him $500.00 or $600.00. This is uncontradicted by either of them. Brake says, that the amount paid on the note to Neal was paid back by Page; and it is not now pretended that this was an item of the indebtedness. Nothing was said during that examination about the note to Dr. Cross, or the

note for $700.00. It does not seem reasonable, that they could have entirely forgotten so large an item of indebtedness as $700.00 if it really existed. It appears, that Page owed Brake $128.94 on open account. The three items, namely, $306.62 to Goss, $119.75 to Cross and $128.94 on account, aggregate $555.31, being about the indebtedness as testified to by them in the suit on the attachment bond. There are other discrepancies between their testimony now and then, which are not satisfactorily explained.

At the time the attachment was being levied, Brake took from the store of Page, goods to the amount of $301.10. This, he testifies, was credited on the note for $700.00, and that the balance due on the open account was paid by a check, and in money, somewhere about the time Page was closed out, "the day before maybe." The account is balanced by the following entry: "by cash from store to balance," under date of February 24, 1888, the day after attachment was levied. All the other credits for money are entered in the account simply "by cash." Why this particularity in making the entry of a cash payment after the levy of the attachment? Also; after taking the goods seized under the attachment and those taken by Brake, there remained about one thousand dollars worth of goods, which were levied on during the next day by other attachments. If Page was really indebted to Brake at that time in the sum of $700.00 by note past due, why did he not, while receiving the goods in part payment, take goods enough to pay the entire note when he had ample opportunity?

Furthermore: Page obtained employment from Brake as clerk in his store at $35.00 per month, and kept possession of the land under a special agreement that he could receive the rents for the benefit of his father and mother, if he would pay the expenses and keep the place up, making any reasonable improvements, and under this agreement he has received the rents through his brother for the benefit of his father and mother, who are living on the land. Whilst it is not expressly stated that this was a part of the agreement for the sale of the land such is the fair inference in the absence of explanation. This constituted a benefit reserved to the debtor.—*Stephen v. Reginstein,* 89 Ala. 561; *Harmon v. McRae,* 91 Ala. 401; *Leskins v. Aird,* 6 Wal. 78. We will not further pursue the discussion of the evidence. After careful consideration we conclude, that the justness of the indebtedness which it is claimed constituted the consideration paid for the land, and its adequacy, are not shown satisfactorily and sufficiently to uphold the deed against the

right of complainant to subject the land to the payment of
his debt.

This opinion was prepared by the late Justice Clopton,
and adopted by the court.

Affirmed.