(82 South. 171)

TERRY et al. v. McCALL CO.   (8 Div. 165.)

(Supreme Court of Alabama.   April 17, 1919. Rehearing Denied May 22, 1919.)

1. FRAUDULENT CONVEYANCES ☞271(4) — BULK SALES LAW—BURDEN OF PROOF.

. In an action by a judgment creditor to set aside a sale as fraudulent under the Bulk Sales Law, the burden is upon the purchaser to allege and prove facts relieving the sale of the legal implication of fraud.

2. FRAUDULENT CONVEYANCES ☞295(1). — SUIT TO SET ASIDE—BULK SALES LAW— EVIDENCE.

In a suit by a judgment creditor to set aside a sale of merchandise as being fraudulent as to creditors under the Bulk Sales Law, evidence held to show that neither the seller nor the purchaser intended to hinder, delay, or defraud creditors.

3. FRAUDULENT CONVEYANCES ☞276—BULK SALES LAW—EVIDENCE.

If a purchaser of merchandise knew that any existing creditor of the seller was not to be provided for, and notwithstanding took over the debtor's property at a price substantially lower than its reasonable value, the inference of fraud is justified in an action to set aside the sale under the Bulk Sales Law.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Action by the McCall Company against S. L. Terry and others. Judgment for plaintiff and defendants appeal. Reversed and rendered.

Taylor & Watts and Cooper & Cooper, all of Huntsville, for appellants.
· Lanier & Pride, of Huntsville. for appellee.

SOMERVILLE, J.  The bill of complaint is filed by a judgment creditor of the respondent corporation, Ezell Bros. & Terry Company, against it and the other named respondents, for the purpose of setting aside, as a fraud upon complainant, a sale of the entire stock of merchandise of said corporation to the respondents S. L. Terry and W. R. Hutton.

The case made by the bill is that the par-

ties to said sale did not conform to the requirements of the Bulk Sales Law (Ala. Acts 1911, p. 94), which declares that such nonconformity is presumptive evidence that the transaction was fraudulent as to creditors. No facts tending to show actual fraud are alleged.

The purpose and effect of this act was considered by the Court of Appeals in the case of Johnston v. Washburn, 77 South. 461,[1] where it was correctly held that the presumption of fraud is rebuttable, and that the burden is on the purchaser, who does not comply with the law, to affirmatively show that the sale was not made for the purpose of hindering, delaying, or defrauding creditors of the seller.

[1] In the instant case the burden was on the purchasers to allege in their answer, and to prove by appropriate evidence, the facts which would relieve the sale of the legal implication of fraud.

It appears that the invoice price of the goods was about $28,000, but that most of the stock, consisting chiefly of various small notions, had been on hand for more than a year, and some of it for five or six years. The price paid was about $12,000 (40 per cent. of the invoice price), and the only testimony on the subject is that that was a fair price under the circumstances. The purchasers, Ezell and Hutton, bought as partners, half and half, for the purpose of reselling, and 18 months later Terry bought Hutton's interest for $8,000 or $9,000. Hutton was, in this purchase, representing the Huntsville Bank & Trust Company, a creditor of the Ezell Bros. & Terry Company in the sum of $13,500.

The corporation's indebtedness, including the item just mentioned, and complainant's claim of $316, aggregated about $25,000, distributed among some 60 separate creditors in sums ranging from $1 to $2,000. Terry denies that he had any personal knowledge of these debts, but was informed by his associate Hutton that Hutton had paid all the bills. Hutton was informed of the above-named debts and in fact paid all of them in full, except that a balance remained due to the Huntsville Bank & Trust Company. He was informed of the complainant's claim, but its validity was denied by the Ezell-Terry Company, and for that reason it was not paid by Hutton.

On the day of their purchase, Terry and Hutton sold a lot of the clothing to one Newton, formerly treasurer of the Ezell-Terry Company, for $1,600, making a profit of 20 per cent. thereon. The rest of the goods were disposed of at retail in the usual course of trade, at a profit of $4,000 to $6,000.

To render this sale fraudulent on the part of the purchasers, there must have been an intent on the part of the seller to hinder,

━━━━

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 16 Ala. App. 311.

delay, or defraud his creditors (or one or more of them), and the purchaser must have participated in that intent. Lienkauf v. Morris, 66 Ala. 406. The burden is here upon the purchasers to show that the seller had no such intention, or that, if he had, they did not participate therein.

[2] A careful consideration of all the attendant facts and circumstances convinces us that the seller was free from any intention to hinder, delay, or defraud any of his creditors. We cannot escape the conclusion that the sale was made in good faith to provide for the payment of creditors—an intention which seems to have been faithfully carried out as to every creditor except this complainant, whose claim was not recognized as valid. Nor is it conceivable that the seller would have knowingly sacrificed substantial values for so petty a purpose as the evasion of this relatively small obligation. And, so far as the purchasers are concerned, we think they had a moral right to rely upon the seller's denial of the validity of this claim, especially in view of his free recognition of all the other items of his indebtedness, and his renunciation in their favor of the entire proceeds of the sale, which were actually appropriated thereto. Evidently the purchasers had no purpose to defeat the claim of any creditor, since they thought that all creditors were being provided for.

[3] It is, of course, to be conceded that if they knew that any existing creditor was not to be provided for, and, notwithstanding, they took over the debtor's property at a price substantially lower than its reasonable value, thus securing a benefit for themselves, an inference of fraud would be justified. But, even from this point of view, the inference is here rebutted by testimony that the goods were not reasonably worth in bulk more than the price paid; and we find no evidence to the contrary, since the mere invoice price of goods like these, purchased years before, cannot be taken as evidence of their present value. Nor is this conclusion contradicted by the fact that the goods brought at retail from 33 to 50 per cent. more than the purchase price, since the gross profit thus indicated must be discounted by the cost of conducting the retail business for more than 18 months, including the personal services of the manager.

For the reasons stated, we are of the opinion that complainant is not entitled to relief.

Let the decree of the circuit court be reversed, and let a decree be here entered denying relief, and dismissing the bill of complaint.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.