(88 South. 435)

## PIZITZ MERCANTILE CO. v. M. COHEN & SONS. (6 Div. 64.)

(Supreme Court of Alabama. April 14, 1921.)

1. Fraudulent conveyances ⟨⊚⟩47—Noncompliance with Bulk Sales Law raises rebuttable presumption of fraud.

The effect of the Bulk Sales Law is from noncompliance to raise a presumption of administrative procedure, a rebuttable presumption of law that the sale was fraudulent as to creditors.

2. Bills and notes ⟨⊚⟩537(1)—Whether defendant corporation executed note as surety or original promisor held for jury.

In action on note, where the defense was that it was executed by defendant corporation as surety only, and hence was ultra vires, and plaintiffs claimed that the note was given by way of novating a debt due to the plaintiffs from a merchant from whom defendant bought a stock of goods under circumstances rendering the transaction an assignment for the benefit of all creditors equally, under Code 1907, § 4295, and that the consideration of the note was plaintiffs' surrender of their right to avoid the sale, which consideration was sufficient to support the defendant's contract as an original promise, the question whether defendant was a mere surety or executed the note on an original consideration was for the jury, notwithstanding defendant's claim that, because of at-

---

tempted compliance with the Bulk Sales Law, and the fact that plaintiffs, the only nonlisted creditors, agreed to accept the note for their debt, any presumption of fraud in the sale was conclusively rebutted.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action by M. Cohen & Sons, partners, against the Pizitz Mercantile Company on a promissory note. Judgment for defendant, which, on plaintiff's motion, was set aside, and new trial ordered, and from the latter order, defendant appeals. Affirmed.

Edward De Graffenried, and Brown & Ward, all of Tuscaloosa, for appellant.

The note was ultra vires the corporation. 120 Ala. 128, 26 South. 494; 58 South. 740; 10 Cyc. 1099. Being entitled to the affirmative charge, the defendant was injured by the granting of a new trial. 17 Ala. App. 251, 84 South. 559. The evidence palpably supported the verdict, and the court erred in granting a new trial. 92 Ala. 630, 9 South. 738; 150 Ala. 662, 43 South. 787; 84 South. 556.

Foster, Verner & Rice, of Tuscaloosa, for appellees.

The abandonment of a legal right is sufficient consideration to support the contract. 54 Ala. 246; 84 Ala. 570, 3 South. 286, 5 Am. St. Rep. 401. The contract constituted a general assignment. 72 South. 76; section 4295, Code 1907. Sacks was made a stockholder, and the two other partners were paid sums of money which were secret transactions, and the assets conveyed were considerably more than the consideration paid. This gave appellees a legal right to sue. 59 Ala. 612; 91 Ala. 401, 8 South. 548; 104 Ala. 481, 16 South. 534; 110 Ala. 511, 18 South. 135, 55 Am. St. Rep. 35; section 4293, Code 1907. Under the facts, appellant was not a surety, but a principal. 98 Ala. 92, 12 South. 723; 104 Ala. 409, 16 South. 23, 53 Am. St. Rep. 70; 168 Ala. 328, 52 South. 926.

SAYRE, J. Plaintiffs, M. Cohen & Sons, brought this action on a promissory note executed by Joseph Saks and Pizitz-Saks Mercantile Company, a corporation. A plea of bankruptcy filed by Joseph Saks was not contested, and he went out of the case. It was alleged and admitted that defendant corporation had been organized under the name of Pizitz-Saks Mercantile Company, and that subsequently to the execution of the note in suit had changed its corporate name to Pizitz Mercantile Company. The defense was that defendant corporation had executed the note as surety for Joseph Saks, and not otherwise, and that such a contract was ultra vires the corporation, and in that event the parties appear to agree that defendant

was not bound. See Buck Creek Lumber Co. v. Nelson, 188 Ala. 243, 66 South. 476. So then the sole question litigated between the parties was and is a question of fact, whether defendant was in fact a mere surety or executed the note in suit on an original consideration moving between the parties at the time. The consideration for which plaintiffs contend arises out of facts alleged as follows: The note in suit was given by way of novating a debt due from Saks & Co. to M. Cohen & Sons; Pizitz Mercantile Company bought a stock of goods from Saks & Co., substantially all the property of the latter, under circumstances which rendered the transaction an assignment for the benefit of all creditors of the latter equally (Code, § 4295); that by the acceptance of the note in suit M. Cohen & Sons (appellees) surrendered the right to have the sale declared an assignment for the benefit of themselves as well as all other creditors, or, in the alternative, to treat the sale as fraudulent and proceed against the goods for the satisfaction of its debt—a consideration sufficient to support the contract in suit as an original promise on the part of the Pizitz-Saks Company, not as a maker for accommodation merely, but as principal contractor (1 Elliott on Contracts, § 233; Henry v. Murphy, 54 Ala. 246). The evidence has had careful consideration, and we are unable to affirm that this contention raised a question for decision as one of law on undisputed facts, nor are we able to say that the evidence was so palpably in favor of the verdict that the judgment granting a new trial should be disturbed. Smith v. Tombigbee & Northern Ry. Co., 141 Ala. 332, 37 South. 389.

[1, 2] There was evidence going to show that the parties to the sale by Saks & Co. to Pizitz-Saks Mercantile Company complied, or attempted to comply, with the act of March 9, 1911 (Acts 1911, p. 94), regulating the sale of stocks of merchandise in bulk, and thereupon the brief for defendant, appellant, seems to contend that the sale should, as matter of law, be declared not fraudulent, and so that plaintiffs surrendered no legal right when they accepted the note in suit. The effect of the Bulk Sales Law, supra, is from noncompliance to raise a presumption of administrative procedure, a rebuttable presumption of law that the sale was fraudulent as to creditors. Terry v. McCall Co., 203 Ala. 141, 82 South. 171. In the case before us, assuming that Saks & Co. were indebted to plaintiffs, as very clearly the jury might have found, it may be said that there was no literal compliance with the Bulk Sales Law, for it appears without contradiction that plaintiffs were not listed as creditors of the vendors, Saks & Co. Still it was shown without dispute that there were no other nonlisted creditors, and that plaintiffs,

with knowledge that the sale was being negotiated, agreed to accept, and did accept for its debt, the note in suit, so that the presumption of fraud as against the rights of plaintiffs was conclusively rebutted by the facts of the consummated transaction. However, had plaintiffs not acquired the security of the note in suit, it is manifest, on the hypothesis stated above, that the sale would have been voidable according to plaintiffs' contention, and that plaintiffs' contribution to its invulnerability provided a consideration sufficient to support defendant's alleged promise as a principal debtor. On the record before us we can only say that the result was for the jury.

In the view we have been able to take of the record error cannot be predicated of the action of the court in granting a new trial. 141 Ala. 332, 37 South. 389.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.