(93 South. 205)

### WARD & McGOWEN GROCERY CO. v. FRANKLIN, STILES & FRANKLIN et al. (6 Div. 12.)

(Court of Appeals of Alabama. June 30, 1922.)

**Fraudulent conveyances &47—Bulk Sales Law shifts burden of proof to transferee, but does not invalidate preference.**

Bulk Sales Law places on the transferee of a stock of goods the burden of proof that the transfer was free from fraud, but does not render a preference fraudulent and void, so that it was error to render judgment against garnishees on their oral answer, disclosing that the transfer to them by the defendant, who was insolvent, of his stock of goods, was accompanied by no reservation of benefit to himself, and that he was indebted to garnishees in a sum greatly in excess of the value of the stock of goods.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by Franklin, Stiles & Franklin against J. O. Hoover, with garnishment in aid of suit to the Ward & McGowen Grocery Company. From a judgment for plaintiff against the garnishees, they appeal. Reversed and remanded.

Harsh, Harsh & Harsh, of Birmingham, for appellants.

If the claim is bona fide, the transfer of goods by an insolvent debtor to one of his creditors to secure the latter's claim is not fraudulent, if the goods are taken at a price not greatly less than their actual value. 85 Ala. 196, 4 South. 667; 76 Ala. 103; 55 Ala. 282, 28 Am. Rep. 704; 95 Ala. 200, 10 South. 343; 164 Ala. 660, 51 South. 164; 121 Ala. 100, 25 South. 723; 203 Ala. 141, 82 South. 171; 85 Wash. 452, 148 Pac. 596; 175 Ala. 323, 57 South. 854; 1 Ohio, 454. If the Bulk Sales Law is applicable here, the presumption of fraud raised by said act is prima facie only, and is here conclusively rebutted. 203 Ala. 141, 82 South. 171; 16 Ala. App. 311, 77 South. 461; 201 Ala. 549, 78 South. 903. The garnishee was entitled to set off the amount of the indebtedness Hoover owed it against the value of the goods transferred to it, even though the transfer was fraudulent. 138 Ala. 342, 35 South. 355; 85 Wash. 452, 148 Pac. 596; 59 South. 307; 129 Ala. 200, 30 South. 560, 87 Am. St. Rep. 58; 38 Ala. 666; 75 Ala. 148; 35 Ala. 492; section 4310, Code 1907.

Arlie Barber, of Birmingham, for appellee.

The assignment was for the benefit of all creditors, and the manner of Hoover's departure was sufficient to put the garnishees on notice as to fraud on other creditors. 203 Ala. 141, 82 South. 171. The Bulk Sales Law changes all the former rules as to diligent creditors being entitled to an advantage. 16 Ala. App. 311, 77 South. 461; Acts 1911, p. 94. Constable's garnishment was the proper remedy. 104 Ala. 375, 16 South. 77; 201 Ala. 549, 78 South. 903. In any event, not having objected in the municipal court, the appellants could not object first on appeal to the circuit court. 175 Ala. 299, 57 South. 754.

BRICKEN, P. J. This suit was begun in the municipal court of Jefferson county by Franklin, Stiles & Franklin against J. O. Hoover. A constable's garnishment was served on the appellants, Ward & McGowen Grocery Company, to which writ of garnishment the appellants answered, denying indebtedness to J. O. Hoover. An oral answer was thereupon demanded.

In their oral answer it was shown without dispute that the defendant Hoover was indebted to Ward & McGowen Grocery Company in the sum of $436.87, and that Hoover conveyed and delivered to Ward & McGowen Grocery Company his entire stock of goods, the reasonable market value of which was $218.87, in part settlement of his indebtedness of $436.87. Ward & McGowen Grocery Company credited Hoover's account with an amount representing the value of the goods conveyed. Upon this answer, disclosing this state of facts, the trial court rendered judgment against Ward & McGowen Grocery Company for $67.40, being the amount of Frank-

lin, Stiles & Franklin's debt with costs against Hoover.

Prior to the enactment of the Bulk Sales Law, the transfer of his stock of goods by an insolvent merchant to one of his creditors, in settlement of his indebtedness, was not fraudulent, provided the claim of the creditor was bona fide, the goods were taken at their reasonable fair value, and that no benefit was secured or reserved to the debtor. An assignment or transfer of property under such circumstances was not fraudulent and void as against other creditors of the insolvent debtor. We will cite only a few of the numerous decisions where this principle has been expressly recognized. Hodges Bros. v. Coleman & Carroll, 76 Ala. 103; Lienkauf & Strauss v. Morris, 66 Ala. 406. Within certain restrictions, as shown by these cases, and many others decided by the Supreme Court of Alabama, an insolvent creditor has the right to prefer in the payment of his debts one creditor over another, and such preference is not fraudulent and void.

The Bulk Sales Law (Acts 1911, p. 94) declares that the sale by a merchant of an entire stock of merchandise in bulk shall be presumed to be fraudulent and void as against the creditors of the seller, unless certain prescribed conditions be complied with. It is obvious that this act prescribes a rule of evidence, and places upon the transferee the burden of proving that the sale was not fraudulent and void. We do not understand that this act goes any further than to lay down a rule of evidence, and to change and shift the burden of proof in cases covered by it.

All the facts and circumstances relating to the transfer by Hoover of his stock of goods to Ward & McGowen Grocery Company are laid bare by the answer made in this case. That answer shows that Hoover reserved to himself no benefit under the terms of the transfer, that the credit allowed for this stock of goods was their reasonable value, that Hoover was justly indebted to Ward & McGowen Grocery Company in a sum greatly in excess of the value of the stock of goods, and that there was no fraud whatever involved in the transaction, unless we are prepared to hold that a mere preference, and nothing more, creates fraud. But our decisions do not denounce a preference as fraudulent. The facts of this case conclusively show that Ward & McGowen Grocery Company occupied a position of a preferred creditor.

The Bulk Sales Law does not render a preference fraudulent and void. Terry v. McCall Co., 203 Ala. 141, 82 South. 171; Pizitz Merc. Co. v. M. Cohen & Sons, 205 Ala. 482, 88 South. 435. The appellants, Ward & McGowen Grocery Company, were entitled to be discharged upon their answer.

Reversed and rendered.