(98 South. 190)

### SANDLIN et al. v. MAURY NAT. BANK.
### (8 Div. 585.)

(Supreme Court of Alabama. Nov. 1, 1923. Rehearing Granted Nov. 22, 1923.)

1. **Sales ⊚477(4), 479(1), 479(10)—Recovery of property abandonment of right to recover price; unaffective assertion of right to repossess works no abandonment of right to action for price.**

Vendor successfully asserting his right to repossess property conditionally sold abandons his right to recover the purchase price but assertion of either remedy, without avail to the party against whom such election is pleaded, or detriment to his adversary, works no abandonment of the other, unless the right itself is adjudicated against him.

2. **Sales ⊚479(1)—Vendor allowed to sue on purchase-money note, count in detinue for property sold being stricken out.**

Where a count in detinue for property conditionally sold was stricken out by amendment, plaintiff was properly allowed to sue on a note given to secure the purchase price.

3. **Bills and notes ⊚467(3)—Allegation that plaintiff "acquired" notes for value held sufficient allegation of purchase in due course.**

Allegation that plaintiff "acquired" notes sued on for value before maturity and without knowledge or notice of a defense set up is a sufficient allegation that he was a holder in due course, as defined by Code 1907, § 5007; the allegation that he "acquired" them being equivalent to an allegation of purchase.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Acquire.]

4. **Bills and notes ⊚464—Count describing note as "note of contract" held not demurrable on ground of nonnegotiability.**

A count describing the note sued on as "a note of contract" is not demurrable on the ground that the instrument was not negotiable, in the absence of facts pleaded, showing wherein the instrument differs from a promissory note.

5. **Bill and notes ⊚164—Negotiability not destroyed by provision allowing payee to take property sold in lieu of payment.**

Under Code 1907, § 4962, subsec. 4, a provision of a note giving the holder an election to take the property for which the note was given in lieu of payment of money did not destroy the negotiability of the note.

---

⊚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Bills and notes ⬤═486—Rejoinder alleging nonnegotiability under law of place of making held demurrable as failing to set forth such law.**

A rejoinder, alleging that a 'note sued on was nonnegotiable under the laws of the state wherein it was executed and payable, *held* demurrable as failing to set forth the law of such state.

**7. Appeal and error ⬤═1040(8)—Failure to overrule general demurrer to rejoinder and put defendant to specific assignments or issue on rejoinder reversible error.**

Under Code 1907, § 5340, requiring that demurrers specify the matter complained of, failure to overrule a general demurrer to a rejoinder and put defendant to specific assignments or to issue on the rejoinder is reversible error.

**8. Appeal and error ⬤═680(1)—Judgment entry not construed as showing that demurrer to general rejoinder was sustained.**

Where a written demurrer on file shows that no demurrer was addressed to a general rejoinder, a judgment entry will not be construed as showing that the court sustained a demurrer to such rejoinder.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Action by the Maury National Bank against R. Sandlin and L. B. Sandlin. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Counts 4 and A of the complaint are as follows:

"4. The plaintiff claims of the defendants the sum of $200, with interest from date, together with the further sum of $50 as a reasonable attorney's fee, due by note of contract executed by the defendants on, to wit, March 3, 1919, payable to the order of S. L. Watson on November 1st, after date, and payable at the office of Maury National Bank; and in and by which note of contract the defendants agreed to pay all costs and attorney's fees if this indebtedness so secured was not paid at maturity.

"The plaintiff avers that said note was indorsed and delivered to the plaintiff by the payee, and is the property of the plaintiff."

"A. Plaintiff claims of the defendants the sum of $200, with interest from date, together with the further and additional sum of $25 as a reasonable attorney's fee, which indebtedness is due by a promissory note executed by the defendants on March 6, 1919, and payable to the order of S. L. Watson on November 1, 1920. And plaintiff avers that the said payee, S. L. Watson, indorsed, sold, and delivered said note to the plaintiff soon after its execution, and that said note is the property of the plaintiff. Plaintiff further avers that in and by said note the defendants agreed to pay all costs and attorney's fee for the collection of the same, if not paid at maturity."

S. A. Lynne, of Decatur, for appellants.

A vendor under a conditional sale, who asserts his right to repossess the property, by such action abandons his right to sue for the purchase price. Alexander v. Mobile Auto Co., 200 Ala. 588, 76 South. 944. The averment in the replication that plaintiff *acquired* the note is not the equivalent of an averment of purchase. German-American Bank v. Lewis, 9 Ala. App. 352, 63 South. 741. The provision in the instrument providing for repossession of the property by the payee rendered it nonnegotiable. Code 1907, § 4962; Kimpton v. Studebaker Bros., 14 Idaho, 552, 94 Pac. 1039, 125 Am. St. Rep. 185, 14 Ann. Cas. 1126; Wright v. Tarver, 73 Mich. 493, 41 N. W. 517, 3 L. R. A. 50; Overton v. Tyler, 3 Pa. 346, 45 Am. Dec. 645; Holliday State Bank v. Hoffman, 85 Kan. 71, 116 Pac. 239, 35 L. R. A. (N. S.) 394, Ann. Cas. 1912D, 1; Western Reserve Bank v. Supply Mfg. Co., 192 Ill. App. 390. It was error to sustain demurrer to defendant's rejoinder, averring nonnegotiability under Tennessee law. Paige on Cont. § 1732; 3 R. C. L. 856; Crawford v. Branch Bank, 6 Ala. 12, 41 Am. Dec. 33. A demurrer must specify the defect to which the pleading is subject. Code 1907, § 5340; Mobile Elec. Co. v. Sanges, 169 Ala. 341, 53 South. 176, Ann. Cas. 1912B, 461; Francis v. Sandlin, 150 Ala. 583, 43 South. 829; L. & N. v. Johnson, 162 Ala. 665, 50 South. 300.

Sample & Kilpatrick, of Hartsells, for appellee.

The holder of a mortgage may pursue at the same time several different remedies, and neither is a bar of or an election against the other until the debt has been satisfied by one of the remedies. Logan v. Smith Bros., 9 Ala. App. 459, 63 South. 766; Ex parte Logan, 185 Ala. 525, 64 South. 570, 51 L. R. A. (N. S.) 1068, Ann. Cas. 1916C, 405. The averment in plaintiff's replication that it acquired the note for value before maturity, and without knowledge or notice of the defense set up, was sufficient. German-American Bank v. Lewis, 9 Ala. App. 352, 63 South. 741; Metropolitan Disc. Co. v. Stewart (Ala. App.) 84 South. 565. The negotiability of the note was not destroyed by a provision for repossession of the property by the payee. Citizens' Bank v. Buckeit, 14 Ala. App. 511, 71 South. 82. The rejoinder averring nonnegotiability under the laws of Tennessee is defective in failing to set out the law. Tatum v. Comm. B. & T. Co., 193 Ala. 120, 69 South. 508, L. R. A. 1916C, 767; Holmes v. Bank, 120 Ala. 493, 24 South. 959; L. & N. v. Cook, 168 Ala. 592, 53 South. 190.

SAYRE, J. Plaintiff in the trial court, appellee here, brought two suits, the cause of action in one being alleged as a "note of contract," and in the other as a promissory note, both payable to the order of S. L. Watson,

and indorsed by him to plaintiff. These two separate and several evidences of debt were given to secure the purchase price of a jack, bought by defendants from Watson. These causes were consolidated and proceeded to judgment on two counts, as briefly indicated above, designated counts 4 and A, all others being eliminated by amendment.

[1, 2] One of the counts stricken by amendment was a count in detinue for the jack, the right to possession being claimed "under and by virtue of a lien executed by defendants to one S. L. Watson on March 3, 1919, to secure the sum of $200, and which mortgage lien note was duly transferred to plaintiff before maturity." The demurrer to the amended complaint, taking the ground, in effect, that by insisting on the title to the jack, plaintiff had waived the alleged cause of action, was not tenable, after the amendment at least, for plaintiff had taken nothing under its original complaint. It is held that a mortgagee has three several concurrent remedies against the mortgagor: An action at law to recover the debt; an action to recover possession of the property; a bill in equity to foreclose the mortgage. Ex parte Logan, 185 Ala. 525, 64 South. 570, 51 L. R. A. (N. S.) 1068, Ann. Cas. 1916C, 405. It is true, of course, that the vendor in a conditional sale, who successfully asserts his right to repossess the property, thereby abandons his right to recover the purchase price, but the assertion of either remedy without avail to the party against whom it is pleaded (Todd v. Interstate Mortgage & Bond Co., 196 Ala. 174, 71 South. 661), or detriment to his adversary, works no abandonment of the other (Alexander v. Mobile Auto Co., 200 Ala. 586, and cases cited on page 588, 76 South. 944), unless the right itself has been adjudicated against him (Register v. Carmichael, 169 Ala. 588, 53 South. 799, 34 L. R. A. [N. S.] 309, note). But the fact is, there was no election of any sort until the amendment which took the count in detinue out of the case, and then the election was to proceed on the note. It is too clear for argument that the plaintiff was properly allowed to proceed as it did.

[3, 4] Defendants pleaded (plea 2) that the notes sued on were given for the purchase price of the jack, and—to state the plea in brief—that their execution had been procured by the false and fraudulent representations of Watson as to the quality of the animal. To this plea plaintiff replied by replication 2 that "the plaintiff acquired said notes for value before maturity and without any knowledge or notice of the defense set up in plea two." Appellants (defendants) allege that the court committed error in overruling their demurrer to this replication. The demurrer calls attention to the use of the word "acquired" instead of "purchased" and to the absence of an allegation that plaintiff was a holder in due course.

German-American Bank v. Lewis, 9 Ala. App. 352, 63 South. 741, is cited. The allegation is that plaintiff "acquired said notes for value." This, we think, may be accepted as the equivalent of an allegation of purchase for value, and, in connection with the averment that plaintiff acquired the notes before maturity and without any knowledge or notice of the defense set up in plea 2 and the allegations of the amended complaint (counts 4 and A, which are set out by the reporter), suffices to constitute plaintiff a holder in due course, according to the definition of section 5007 of the Code of 1907. True, count 4 describes one of the notes in suit as "a note of contract," and upon this is based the suggestion that the instrument is not negotiable. Unable, on the facts disclosed by the pleadings thus far, to discern wherein the instrument declared upon and described as a note of contract differs from a promissory note, we hold there was no error in the ruling here under review.

[5] Defendants' second special rejoinder was "that in and by the said note sued on it was stipulated and provided that the title to the property for which the note was given should remain in the payee, and upon failure to pay said note at maturity the said property for which it was given was to be repossessed by the payee." Plaintiff's demurrer was sustained. The purpose of this rejoinder was to alleged facts destructive of the negotiability of the instrument in suit. Under section 4962 of the Code, subsec. 4, as interpreted by the courts in this state, the provision of the instrument giving, as we construe the rejoinder, the holder an election to take the property in lieu of payment of money, did not destroy the negotiability of the instrument. First National Bank v. Slaughter, 98 Ala. 602, 14 South. 545, 39 Am. St. Rep. 88; Citizens' Nat. Bank v. Buckheit, 14 Ala. App. 511, 71 South. 82; Ex parte Buckheit, 196 Ala. 700, 72 South. 1019; Ex parte Bledsoe, 180 Ala. 586, 61 South. 813. The demurrer was therefore well sustained. So in respect to rejoinder 3.

[6] Rejoinder 4 repeated the allegations of rejoinder 2, and added:

"That said instrument was executed in and payable in the state of Tennessee; that under the laws of Tennessee, existing at said time, said instrument was nonnegotiable."

[7] Notwithstanding the added averment, this rejoinder was demurrable, for that it failed to set forth the law of Tennessee which had effect according to the conclusion of the pleader. Holmes v. Bank of Fort Gaines, 120 Ala. 498, 24 South. 959. The demurrer, so far as apt to rejoinder 4, was general. The statute (section 5340 of the Code) provides that—

"No demurrer in pleading can be allowed but to matter of substance, which the party demur-

ring specifies; and no objection can be taken or allowed which is not distinctly stated in the demurrer."

The trial court should have overruled the demurrer, and put defendant to specific assignments, or, failing that, to issue on the rejoinder. Milligan v. Pollard, 112 Ala. 465, 20 South. 620; Ryall v. Allen, 143 Ala. 227, 38 South. 851. For this error we are constrained to reverse the judgment.

[8] Appellants argue that the trial court committed reversible error in sustaining the demurrer to rejoinder 1. Rejoinder 1 was the general rejoinder, to which no demurrer was addressed as appears from the written demurrer on file. We do not, therefore, construe the judgment entry as showing that the court sustained a demurrer to the general rejoinder.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.