139 So. 213

CRISP et al. v. FIRST NAT. BANK OF BIRMINGHAM.

6 Div. 903. ·

Supreme Court of Alabama.

Jan. 14, 1932.

C. J. Griffith, David J. Davis, and Walter S. Smith, all of Birmingham, for appellants.

74

Murphy, Hanna, Woodall & Lindbergh and William H. Ellis, all of Birmingham, for appellee.

FOSTER, J.

This is a bill filed by appellee as a creditor of A. Crisp to set aside a conveyance of his property consisting of a stock of goods, as a fraud upon its rights as such. It alleges that complainant "is the owner of and holder in due course of the following unpaid promissory note." It also shows that the note was payable to the order of the Bank of Ensley and indorsed by it. Appellant claims that such allegations do not specify the facts on which the ownership is averred, and that such ownership as alleged is but the conclusion of the pleader. It may be conceded that both the legal and equitable owners of commercial paper must be before the court· of equity (Chat. Sav. Bank v. Crawford, 206 Ala. 530, 91 So. 316; McGhee v. Importers' & Traders' Nat. Bank, 93 Ala. 192, 9 So. 734), and that, when the bill or complaint shows that a note is commercial paper and payable to the order of the payee, the complainant must have title by indorsement, or make the legal owner a party (Clayton v. Bank, 204 Ala. 64, 85 So. 271; Sample v. Bank, 200 Ala. 578, 76 So. 936); but the allegations of the bill which we have stated sufficiently show such title by indorsement. Clayton v. Bank, supra; Sandlin v. Maury Nat. Bank, 210 Ala. 349, 98 So. 190; sections 9077, 9078, Code.

The allegation that Crisp attempted to convey his stock of merchandise and in the same paragraph that it "was conveyed or purported to be conveyed to respondent R. Q. Blanton," is not subject to demurrer for failure to allege a conveyance. Aside from the fact that the form of the allegation was doubtless dictated by a cautious effort not to admit the effectiveness of the conveyance, the statute in terms applies to an attempt·to transfer or convey. Section 7342.

Allegation that the conveyance of the property was voluntary and without consideration is sufficient averment by an existing creditor to vacate it without regard to any other circumstance. McCrory v. Donald, 192 Ala. 312, 68 So. 306; London v. G. L.

Anderson Brass Works, 197 Ala. 16, 72 So. 359. The bill does not in terms allege that complainant was an existing creditor, but shows that it is the owner of a debt which was existing prior to the conveyance. In respect to such a suit, an assignee stands in the shoes of his assignor. Allen v. Pierce, 163 Ala. 612, 50 So. 924, 136 Am. St. Rep. 92; Jones v. Smith, 92 Ala. 455, 9 So. 179; Ruse v. Bromberg, 88 Ala. 619, 7 So. 384.

It has been uniformly held that creditor's bills of this sort must plainly and succinctly state the facts which constitute fraud, and that it is not sufficient merely to say that the conveyance was fraudulent or made with the intent to hinder, delay, or defraud. Skinner v. So. Grocery Co., 174 Ala. 359, 56 So. 916; Ft. Payne Furnace Co. v. Ft. Payne Coal & Iron Co., 96 Ala. 476, 11 So. 439, 440, 38 Am. St. Rep. 109; Flewellen v. Crane, 58 Ala. 628.

Tested by that rule of pleading, we think that the first and fourth alternatives in paragraph five sufficiently show a voluntary conveyance in connection with other averments of the bill showing that it was after the creation of complainant's debt, and those alternatives are therefore sufficient.

The second and sixth alternatives are consistent with the theory that the grantee was an existing creditor in an amount equal to the value of the property, and that the conveyance was made to satisfy such debt. If that is true, the fact as alleged that the debtor of complainant making the conveyance was in financial embarrassment and intended to hinder, delay, or defraud his creditors, of which the grantee had notice, do not render the conveyance subject to be vacated. Curran v. Olmstead & Sehening, 101 Ala. 692, 14 So. 398; London v. G. L. Anderson Brass Works, supra. If any of the alternative allegations of fraud are insufficient, and the demurrer is addressed to such insufficiency, it should be sustained. Curran v. Olmstead & Sehening, supra; Mountain v. Whitman, 103 Ala. 630, 16 So. 15; Taylor v. Dwyer, 131 Ala. 91, 32 So. 509.

"The general rule is well settled that a person cannot settle his estate in trust for his own benefit so as to be free from liability for his debts." 27 Corpus Juris 600; Taylor v. Dwyer, 131 Ala. 91, 32 So. 509; McDermott v. Eborn, 90 Ala. 258, 7 So. 751; Jordan v. Collins, 107 Ala. 572, 18 So. 137; Page v. Francis, 97 Ala. 379, 11 So. 736; Stephens v. Regenstein, 89 Ala. 561, 8 So. 68, 18 Am. St. Rep. 156.

The third and fifth alternatives in paragraph five aver the reservation of such a trust, and are free from the demurrer assigned. Taylor v. Dwyer, 131 Ala. 91, 32 So. 509.

The demurrers were addressed to each alternative separately. They should have been sustained in so far as they relate to alternatives two and six, but were properly overruled in respect to the other alternatives of paragraph five of the bill.

The alternative relief as set out in the fourth paragraph is based upon a failure to observe the "bulk sales" provision of the statute of frauds, which raises a rebuttable presumption of law that the sale was fraudulent as to creditors. Section 8041, Code; Pizitz Merc. Co. v. Cohen & Sons, 205 Ala. 482, 88 So. 435; Terry v. McCall Co., 203 Ala. 141, 82 So. 171.

By the facts alleged, the burden is cast upon the purchaser to relieve the sale of the legal imputation of fraud. Authorities supra. The demurrer to that aspect of the bill was properly overruled.

By reason of the allegation that the organization of the corporation "A. Crisp and Company" was a part of the plan to place the property of A. Crisp beyond the reach of creditors, the bill brings into question the good faith of its organization. We cannot say therefore that E. L. Crisp and F. S. Blanton, who, with R. Q. Blanton, were the incorporators, are improper parties so long as that issue is in the case.

For the errors which we have indicated, the decree is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.