EMPIRE RADIO CO., INC. *vs.* GEORGE H. BATES, Deputy Sheriff.

APRIL 3, 1936.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CAPOTOSTO, J. This case is before us on plaintiff's exception to a decision for the defendant by a justice of the superior court sitting without a jury.

In an action of replevin the defendant pleaded that he, as deputy sheriff, attached the merchandise and fixtures in question, as the property of the Empire Radio Company, in an action in assumpsit brought against it by one Forrest W. Taylor.

Philip Korb was president of the Empire Radio Company, a corporation, and heavily interested in the Radio Finance Corporation. The Empire Radio Company operated two stores, one in Providence and the other in Pawtucket. The Pawtucket store was occupied under a written lease from Forrest W. Taylor, dated August 9, 1929, for the term of five years with monthly rental for the first two and one half years at the rate of $300 a month, payable on the first day of the month in advance.

In January, 1932, the Empire Radio Company was in serious financial difficulties. At that time, the Radio Finance Corporation, of which one Albert Cohen was secretary, held by way of assignment installment leases covering merchandise sold by the Empire Radio Company in the sum of $35,000. On January 26, 1932, Korb and Cohen formed a new corporation under the name of the Empire Radio Company, Inc. Cohen became the president and Korb the secretary and treasurer of this new corporation. The same day the Empire Radio Company paid the rent which had been due since the first of January, and on Saturday, January 30, it moved everything from Pawtucket to its store in Providence. The following day it mailed the keys of the Pawtucket store to Taylor, the lessor.

On February 1, 1932, the Empire Radio Company executed a bill of sale transferring its stock, fixtures and two automobiles to the Empire Radio Company, Inc. No mention was made of the lease and no liabilities were assumed, in the bill of sale, by the new corporation. Attached to the bill of sale was an affidavit of the treasurer of the Empire Radio Company, dated January 26, 1932, setting forth that the Empire Radio Company, Inc., as transferee, had demanded a written list of the names and addresses of all the creditors of the Empire Radio Company,—as required by the provisions of chapter 311, general laws 1923, known as the Sales in Bulk Act—and that the list therein given was a full, accurate and complete list of such creditors. The name of the lessor, Forrest W. Taylor, was not included in this list.

By writ dated February 2, 1932, Taylor brought suit for the February rent for the Pawtucket store and attached, as the property of the Empire Radio Company, certain stock and fixtures then in the possession of the Empire Radio Company, Inc., at the Providence store, and being a part of the articles covered by the bill of sale. The plaintiff, thereupon, brought this action in replevin.

The sole question for decision by the superior court was the title to the merchandise and fixtures attached. The trial justice decided for the defendant on the ground that the plaintiff had failed to establish by a fair preponderance of the credible evidence that it had given to the creditors of the Empire Radio Company the notice required by the statute.

This question was the only issue argued before us by the parties. Philip Korb, as a witness for the plaintiff, testified on direct examination that he had notified personally all the creditors of the proposed transfer but did not fix or attempt to fix the time when he did so. On cross-examination he stated that he did not recall the exact day, that it was the latter part of January and that it may have been the 28th or 29th of the month. His testimony on this point is quite indefinite.

Section 1, chap. 311, G. L. 1923, entitled: "Of Sales of Merchandise in Bulk in Fraud of Creditors," imposes upon the prospective transferee the duty of securing from the transferrer a written list, under oath, of the persons who are creditors of the transferrer, and of notifying those creditors, either personally or by registered mail, of such transfer at least five days before it takes place. If this duty is not performed, the transfer is made "fraudulent and void as against all persons who are creditors of the transferrer at the time of such transfer." This mandatory provision as to notice must be strictly complied with by a transferee and the burden of proof is upon him to prove compliance with the statute. *Glantz* v. *Gardiner, d. s.,* 40 R. I. 297; *Terry* v. *McCall Co.,* 203 Ala. 141.

The trial justice, after finding that the plaintiff had not complied with the terms of the statute, held that the transfer of February 1, 1932, to the plaintiff was void as against all creditors of the Empire Radio Company on that date. His ruling on this point is fairly supported by the evidence.

The lease from Taylor to the Empire Radio Company was for five years from September, 1929, with rent in fixed monthly installments payable in advance "on the first day of each and every month . . . the second monthly *payment to be made* on the first day of October 1929." (italics ours) Under this lease a claim for the amount due as rent for any given month accrued to the lessor on the first day of the month by the express agreement of the parties. To that extent, the lessor became a creditor of the lessee at the beginning of that day, even though the lessee, under ordinary circumstances, had that entire day within which to pay. We are, therefore, of the opinion that Taylor was a creditor of the Empire Radio Company when the transfer in question was made on February 1, 1932, within the meaning of sec. 1, chap. 311, G. L. 1923, and so was entitled, as against the transferee, which had not complied with the provisions of the statute, to disregard the transfer as fraudulent and void and to bring his action for such rent against the Empire Radio Company on February 2 and attach therein the articles in question, as the property of that company. We find no error in the decision of the trial justice.

The plaintiff's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment on the decision.

*Waldman & Waldman,* for plaintiff.
*Greenough, Lyman & Cross, Owen P. Reid,* for defendant.