# R. S. HOWARD COMPANY, Appellant, v. INTERNATIONAL BANK OF ST. LOUIS, Respondent.

St. Louis Court of Appeals.    Opinion Filed January 8, 1918.

1. **BILLS AND NOTES: Checks: Bankruptcy: Proving Claims.** Where plaintiff received a note in the course of business, and negotiated it, and afterwards sent a check to maker with the notation, "To be used in part renewal of note," and maker indorsed and deposited check in defendant bank, checked against it, failed to renew the note, went into bankruptcy, and plaintiff was required to take up the note, *held* in a suit against the bank for the recovery of proceeds of the check, that plaintiff could not recover.

2. ————: ————: **Negotiability: Restriction: Statement of Transaction which Gives Rise to Instrument.** Notation on back of check "To be used in part renewal of note," did not destroy its negotiability, but was a statement of the transaction which gave rise to the instrument within Rev. St. of Mo. 1909, section 9974, providing that such a statement does not render a promise to pay conditional.

3. ————: ————: **Deposit: Effect.** Where plaintiff sent check, endorsed, "To be used in part renewal of note," payable on its face to a depositor of a bank, which bank accepted it with the depositor's endorsement in the usual course of its banking business, giving credit to the payee for the amount, the bank became a bona-fide holder and purchaser for value.

4. **BANKS AND BANKING: Deposits: Application on Debts: Effect.** Where plaintiff sent check, with notation, "To be used in part renewal of note," to a third person, who deposited the check with defendant bank, the bank's action in thereafter charging the account of the third person with the amount of two other notes which the bank had previously discounted, and which had been dishonored, did not affect defendant bank's right to retain the proceeds of the check.

Appeal from the Circuit Court of the City of St. Louis.—*Hon. Leo S. Rassieur,* Judge.

AFFIRMED.

*John A. Blevins* for appellant.

(1) The check for $1398.60, containing the words "to be used in part renewal of note due 6/21," was notice to the bank that said check was not to be used to pay Bollman Bros.' indebtedness to the bank. They were notice to the bank that the check was to be used for a certain purpose only, and that the authority of Bollman Bros. was limited. Johnson v. Harrison, 177 Ind. 240; In re Hallet L. R., 13 Chan. Div. 696; Central Nat'l Bank v. Life Ins. Co., 104 U. S. 54; Buckner v. Jones, 1 Mo. App. 538; 1 Randolph on Commercial Paper, sec. 388; Breese v. Crumpton, 121 N. C. 122. (2) The bank took the check with notice that it was the property of plaintiff and was to be used for a certain purpose and could not appropriate the proceeds thereof to its own use. Missouri Pacific Ry. Co. v. Levy, 17 Mo. App. 505; Wolfe v. State, 79 Ala. 201; Morse on Banking, sec. 317; Johnson v. Bank, 56 Mo. App. 263. (3) The defendant took the check, subject to the equities between the plaintiff and Bollman Bros. The words in the check were at least sufficient notice to put the defendant upon inquiry, which would have disclosed all the details with respect to the renewal of said note and the rights of the parties. Bank v. Edwards, 243 Mo. 566; Leonard v. Latimer, 67 Mo. App. 136; Mayer v. Bank, 86 Mo. App. 429; Clifford Banking Co. v. Donovan, 195 Mo. 288.

*Collins, Barker & Britton* for respondent.

(1) The notation on the face of the check did not destroy its negotiability, was not in restraint of negotiation, and did not constructively charge respondent with notice. Negotiable Instruments Act of Missouri of 1909, p. 700, sec. 3; Jennings v. Todd, 118 Mo. 303; Stilwell v. Craig, 58 Mo. 24; Siegel v. Chicago Trust & Savings Bank, 131 Ill. 569; Bank of Sherman v. Apperson Co., 4 Fed. Rep. 25; Duckett et al. v. National Mechanics Bank, Maryland Court of Appeals, 39 L. R. A. 84. (2) The notation on the check shows the transaction

out of which the instrument arose and did not destroy its negotiability or put any duty on respondent to inquire concerning the same. Ayers v. The Farmers & Merchants Bank, 79 Mo. 421; Kavanaugh. v. Bank, 59 Mo. App. 547; Bank v. Refrigerating Co., 236 Mo. 407. (3) The notation made on the check was for the convenience of the maker to show the nature of the credit and was a direction to the Bollman Brothers showing the manner in which the proceeds should be credited, and did not furnish any notice to respondents. Mayer v. Bank, 86 Mo. App. 422; State National Bank of Springfield v. Dodge, 124 U. S. 333; Duckett et al. v. National Mechanics Bank, supra; First Denton Nat'l Bank v. Kenney, 116 Md. 24; Mercantile Trust Co. v. Donk, 178 S. W. 113, 115. (4) The respondent was a bona fide holder for value of the Howard check. Kavanaugh v. Bank, 50 Mo. App. 547; Ayers v. Farmers & Merchants Bank, 79 Mo. 421; Bank v. Refrigerator Co., 237 Mo. 407. (5) The notation on the face of the check has reference to some future act to be done by the payee as agent for the maker and does not affect the negotiability of the instrument. Siegel v. Chicago Trust & Savings Bank, 131 Ill. 569; Jennings v. Todd, supra. (6) Appellant elected to hold Bollman Brothers Piano Company, thereby waiving its rights, if any to make a claim against respondent on account of the transaction in question. Tierman's Extr. v. Security Bldg. & Loan Ass'n, 152 Mo. 135; Nanson v. Jacob, 93 Mo. 331, 345; Armsby v. Dearborn, 116 Mass. 386.

ALLEN. J.—This is an action to recover, as for money had and received, the proceeds of a check for $1398.60, executed by the plaintiff to the order of "Bollman Bros.," and which came into the hands of the defendant bank under circumstances to be stated below. The trial, before the court without a jury, a jury having been waived, resulted in a judgment for defendant, from which plaintiff prosecutes the appeal before us.

The evidence discloses that on February 21, 1913, the Bollman Bros. Piano Company (hereinafter referred

to as the Bollman Company), a corporation engaged in business in the city of St. Louis, executed to the plaintiff corporation, a wholesale dealer in New York City, a note for the sum of $1656, due June 21, 1913. It appears that these two companies had had business relations for many years prior to the time of the transactions here involved. This note was discounted by plaintiff at a bank in the city of New York, and in due course it was forwarded to a trust company in the city of St. Louis, where, on and prior to June 16, 1913, it was held for collection. On June 14, 1913, plaintiff mailed to the Bollman Company its check for $1398.60, being the check in controversy, upon the agreement or understanding between the two companies that the Bollman Company would take up the note held at the trust company, utilizing therefor the proceeds of the check and further funds of its own, and execute another note to plaintiff for $1400. This check was in the following form:

"No. 11989.            New York City, June 14, 1913.
THE NEW YORK COUNTY NATIONAL BANK.
    Pay to the order of Bollman Bros. ......
To be used in part renewal of note due 6/21.
    Thirteen hundred ninety-eight 60/100.......Dollars
                R. S. HOWARD COMPANY,
                R. S. HOWARD, Pres't. & Treas."
    $1398.60.

The Bollman Company was then a depositor in defendant bank; and upon receiving this check that company, on June 16, 1913, indorsed the same and deposited it to the company's account with the bank, the check being a part of a deposit of $2163.95 made by the Bollman Company on that day, consisting of $100 in cash, twenty-nine small checks and the check in controversy. The evidence shows that defendant credited the Bollman Company with the total amount of this deposit, against which that company was allowed to draw checks; and that thereafter the check in controversy was duly collected by defendant through the usual banking channels.

On the day of that deposit checks of the Bollman Company were paid by defendant amounting to $156.05 leaving a balance of $4758.29 in that company's account at the close of the business day. On the next day, June 17, the Bollman Company deposited $436.50, and defendant paid the company's checks aggregating $2552, leaving a balance of $2642.79 in the account. On June 18, the Bollman Company deposited $1968.40, and defendant paid its checks aggregating $1345.81, leaving a balance of $3265.38 in the account. On June 19, the Bollman Company deposited $1500.79, and defendant paid its checks aggregating $510, leaving a balance of $4256.17. On June 20, no deposit was made by the Bollman Company; on that day defendant charged the account with certain checks drawn by the Bollman Company and paid by defendant, and also with the amount of two notes of $1500 each, being notes which defendant had previously discounted for the Bollman Company and which had been forwarded to Chicago, Illinois, but which had been dishonored and returned to defendant. On that evening the balance in this account was $126.33. Shortly thereafter the account was transferred to another bank. The Bollman Company did not carry out its agreement or understanding with plaintiff in regard to effectuating a renewal of the note of $1656, due June 21, 1913, and plaintiff was required to take it up from the bank at which plaintiff had discounted it. Soon thereafter the Bollman Company became a bankrupt.

There is testimony for plaintiff to the effect that subsequent to the transaction to which we have referred above, the president of the defendant bank, in conversation with plaintiff's counsel, admitted that defendant collected the check in controversy and applied the proceeds thereof to the payment of a debt due defendant from the Bollman Company. Further testimony of the witness, however, shows that in this conversation plaintiff's counsel was told that the check came into defendant's hands by being deposited in the Bollman Company's account.

The court, having refused certain declarations of law offered by plaintiff, gave six declarations offered by defendant. The first of these is a peremptory declaration that under the law and the evidence plaintiff cannot recover. We may say that other declarations of law given indicate that the court proceeded upon the theory that the notation upon the check, viz. "To be used in part renewal of note due 6/21," did not destroy the negotiability of the instrument, "or put any duty upon defendant to inquire concerning the same;" and that defendant became a bona-fide holder of the check for value.

The sixth declaration of law is as follows: "The court declares the law to be that if plaintiff proved up a claim against the bankrupt estate of Bollman Brothers Piano Company, covering the amount here claimed, then plaintiff cannot recover."

We think it obvious that the sixth declaration of law, supra, was unwarranted under the facts of the case, as learned counsel for plaintiff, appellant here, contends. It appears that plaintiff did file a claim against the estate of the Bollman Company in bankruptcy based upon the original note, which, as said, was not taken up by that company as contemplated; but it does not appear that plaintiff ever filed a claim against the bankrupt estate covering the item evidenced by this check. Obviously the argument advanced and the authorities cited by learned counsel for respondent in this connection are here without application. Since the original note was never paid, and plaintiff was required to account therefor to its bank in New York, where the paper had been discounted, it was, of course, the basis of a valid claim against the estate of the bankrupt, wholly independent of any claim which plaintiff had, or may now have, against anyone, as for a recovery of the proceeds of the check in controversy. By the immediate transaction here involved, plaintiff simply advanced a further sum of $1398.60 for which, so far as the record discloses, plaintiff has received nothing.

198 M. A.—19.

It remains to be seen, however, whether the evidence warrants a recovery by plaintiff of the proceeds of this check from this defendant. This is the real question before us. If plaintiff made a prima-facie case then the trial court not only fell into error in giving this sixth declaration of law, but erred in giving the peremptory instruction or declaration. [Goodyear Tire & Rubber Co. v. Ward, et al., 197 Mo. App. 286, l. c. 292, and cases there cited, —S. W.—.] On the other hand, if the evidence is not such as to warrant a recovery herein by plaintiff upon any theory, then the judgment below must be affirmed.

The theory of plaintiff's learned counsel, in substance, is that by the notation upon the check, supra, the payee therein named, the Bollman Company, was invested with a limited agency or authority to use the proceeds thereof only for the specific purpose of effectuating a renewal of the note mentioned; that this notation "was notice to the defendant bank that said check was to be used for a special purpose, and of the agency and authority of Bollman Bros. Piano Company," or at least sufficed to put defendant upon inquiry as to the true facts; and that under the circumstances shown in evidence, defendant must be held to have wrongfully appropriated the proceeds of the check to its own use, whereby it became liable to plaintiff therefor, as for money had and received.

It would unduly extend and encumber the opinion to discuss the various authorities cited and relied upon by plaintiff. We do not regard them as controlling or persuasive, in view of the particular facts disclosed.

We are of the opinion that the notation upon this check did not destroy its negotiability. It was a statement of the transaction which gave rise to the instrument (Rev. Stat. 1909, sec. 9974), in that it had reference to the agreement or understanding between the maker and the payee regarding the renewal of the original note. While it constituted a direction as to the manner in which the proceeds were to be applied, we think that the observance of such directions, which related to an act to

be done *in futuro*, was a matter entrusted wholly to the payee, by plaintiff, and which charged defendant with no duty under the circumstances surrounding its acquisition of the instrument. In this connection see: Jennings v. Todd, 118 Mo. 296, 24 S. W. 148; Stilwell v. Craig, 58 Mo. 24; Siegel v. Bank, 131 Ill. 569; Duckett et al. v. Bank, 86 Md. 400, 39 L. R. A. 84.

The check on its face was payable to "Bollman Bros.;" and, with that company's indorsement thereon, it was accepted by defendant in the usual course of its banking business, as a cash deposit. The taking of the check, so indorsed, by the defendant bank for deposit, the payee being given credit for the amount thereof, upon which the payee was entitled to immediately draw, operated to vest the title to the check in defendant and constituted defendant a purchaser for value. [See Ayres v. Bank, 79 Mo. 421; Bank v. Refrigerating Co., 236 Mo. 407, 139 S. W. 545; Kavanaugh v. Bank, 59 Mo. App. 540.] And, as we view the effect of the notation upon the check, defendant became a bona-fide holder, or a holder in due course, of the instrument. It is argued that defendant paid nothing for the check, but this view is not tenable under the facts shown by the undisputed evidence.

Did the subsequent action of defendant, on June 20, 1913, in charging the account of the Bollman Company with the amount of the two notes which defendant had previously discounted for that company and which had been dishonored, aggregating $3000, affect defendant's right to retain the proceeds of the check in controversy, or in any way cast liability upon defendant as for having thereby received monies belonging to plaintiff? We think not. We are not here concerned with the rights of the Bollman Company, but we may say that the right, in general, of a bank to apply a deposit, or any part thereof, to a debt due to it from a depositor, is beyond question. [See Wilson v. Bank, 176 Mo. App. 73, 162 S. W. 1047; First Nat'l Bank v. City Nat'l Bank, 102 Mo. App. 357, 76 S. W. 489.] And we regard it as clear that the charging of these

dishonored notes against the account of the Bollman Company, on July 20th, was a matter between that company and defendant. If defendant, in acquiring this check in the manner shown above, took it unaffected by the agreements or equities between the parties to the instrument, as we hold, it must follow that the balance remaining in the Bollman Company's account four days later merely represented defendant's indebtedness to that company at the time; and that plaintiff had no claim against it or right to complain of the act of defendant in asserting its right to charge back worthless or dishonored paper with which it had previously credited its depositor.

We may add that there is nothing to indicate any *mala fides* on the part of defendant. Its transactions with the Bollman Company in this connection were evidently had in the usual routine of its banking operations. It appears that defendant's cashier did not see the check, which passed through the hands of certain employees in the ordinary course of defendant's business; and the evidence suggests that defendant subsequently acted in ignorance of the fact that the check bore such notation—though of course defendant must be regarded as having had notice thereof.

We are of the opinion that there is no evidence to support a recovery by plaintiff.

Some of the evidence, supra, was admitted over appellant's objections, and complaint is made of these rulings; but we perceive no prejudicial error in the admission of the evidence in question.

It follows that the judgment should be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Becker, J.,* concur.