### WELCH et al. v. OWENBY.

No. 8411—Opinion Filed Oct. 22, 1918.

(175 Pac. 746.)

**Bills and Notes — Negotiability — Qualifying Statements.**

The negotiability of a promissory note, given in payment for a stallion, is not destroyed by a subjoined statement that the note is given in payment for a certain stallion, which is delivered to maker with the agreement that said stallion shall remain the property of payee with full power of disposition, without notice, until the note is fully paid.

(Syllabus by Pryor, C.)

Error from District Court, Haskell County; W. H. Brown, Judge.

Action by C. A. Owenby against Harry Welch and others. Judgment for plaintiff upon a directed verdict, and defendants bring error. Affirmed.

A. L. Beckett, for plaintiffs in error.

Geo. S. Ramsey, Edgar A. DeMeules, Malcolm Rosser, Villard Martin, and J. Berry King, for defendant in error.

Opinion by PRYOR, C. This is an action brought by C. A. Owenby against Harry Welch, M. VanMatre, and J. N. Moore, on a promissory note in the sum of $600. The defense to the note was that the execution of the same was procured by fraud and deceit. At the close of the evidence the trial judge directed the jury to return a verdict for the plaintiff, which the jury did, and judgment was rendered thereon. From this judgment defendants appeal.

The plaintiff became the holder of the note in due course before maturity, for a valuable consideration, and without notice of any defenses or equities. The defendants admit that the correctness of the judgment of the trial court depends upon whether or not the note is negotiable. The note is as follows:

"$600.00.    Ft. Smith, Ark., Sept. 20, 1911.

"On or before the 1st day of October, 1914, for value received, the undersigned promise to pay to Ark. Valley Breeding Co. or order six hundred 00-100 dollars with 8 per cent. interest per annum from date until paid, negotiable and payable at Little Rock, Ark.; it being given for Percheron stallion named Robert, No. 40681, and this day delivered to the maker of this note, with the understanding and agreement between the maker of this note and Ark. Valley Breeding Co. that the above described property is and shall remain in said Ark. Valley Breeding Co., with full power of disposition without notice, in such manner as he may see fit, until paid for, This note is the first of a series of three, and if default is made in the payment of one, then all shall become due and payable at once.

"P. O.—Keota, Okla.
                    "(Signed)    Harry W. Welch.
                    "M. Van Matre.
                    "J. N. Moore.
                    "T. D. Smith."

Indorsed: "Ark. Valley Breeding Co., W. H. McMurray, Sec't."

It will be observed that this note is certain as to amount, date of maturity, and the promise to pay is unconditional; that it is a perfect negotiable instrument in every particular, unless the subjoined statement that the note is given for stallion which is delivered to the maker of the note with the understanding that the stallion shall remain the property of the payee with full power to dispose of the same, until the note is paid, renders it nonnegotiable. There is nothing in this subjoined statement that makes any of the provisions of the note conditional or qualifies them: it is just a mere statement of what the note is given for and the security for the payment of the note. There is nothing in the statement which accelerates or retards the maturity of the note.

This note was executed after the taking effect of the Negotiable Instruments statute.

Section 4053, Rev. Laws 1910, provides that promise to pay is unconditional, though coupled with a statement of the transaction which gives rise to the instrument. This court has held in several cases that a promissory note is not rendered nonnegotiable by the fact that it provides for attorney fees. Potts v. Crudup, 48 Okla. 124, 150 Pac. 170, L. R. A. 1916B, 672; Seton v. Exchange Bank of Leary, 36 Okla. 525, 150 Pac. 1079; City National Bank v. Kelly, 51 Okla. 445, 151 Pac. 1172. In the case of Chicago Ry. Equipment Co. v. Merchants' Bank, 136 U. S. 268, 10 Sup. Ct. 999, 34 L. Ed. 349, the Supreme Court of the United States, in holding that a subjoined statement in a promissory note similar to the one in the note under consideration would not affect its negotiability, used the following language:

"The agreement that the title should remain in the payee until the notes were paid—it being expressly stated that they were given for the price of the cars sold by the payee to the maker, and were secured equally and ratably on the property—is a short form of chattel mortgage. The transaction is, in legal effect, what it would have been if the maker, who purchased the cars, had given a mortgage back to the payee, securing the notes on the property until they were all fully paid. The agreement by which the vendor retains the title, and by which the notes are secured on the cars, is collateral to the notes, and does not affect their negotiability. It does not qualify the promise to pay at the time fixed, any more than would be done by an agreement, of the same kind, embodied in a separate instrument, in the form of a mortgage. So far as the notes upon their face show, the payee did not retain possession of the cars, but possession was delivered to the maker. The marks on the cars showed that they were to go into the possession of the maker, or of its transferee, to be used. The suggestion that the maker could not have been compelled to pay if the cars had been destroyed before the maturity of the notes is without any foundation upon which to rest. The agreement cannot properly be so construed. The cars having been sold and delivered to the maker, the payee had no interest remaining in them, except by way of security for the payment of the notes given for the price. The reservation of the title as security for such payment was not the reservation of anything in favor of the maker, but was for the benefit of the payee and all subsequent holders of the paper. The promise of the maker was unconditional."

While the note in that case was executed under the statute of Illinois, the court specifically held that the note was not rendered nonnegotiable by the subjoined statement, under the Illinois statute or the law of merchants. In the case of Heard v. Dubuque

County Bank, 8 Neb. 10, 30 Am. Rep. 811, the Nebraska Supreme Court had under consideration a promissory note which contained a subjoined statement in effect the same as the note under consideration, and the additional provision that the payees may declare the note due at any time they deem themselves insecure, and the court held that such statement or provision did not affect the negotiability of the note.

In the light of the statute and the foregoing authorities, the subjoined statement in said note did not render said note conditional or uncertain as to any of the essentials of a negotiable instrument. The statement merely specifies for what the note is given and the security for the payment of the same. The court therefore committed no prejudicial error in holding that the defenses interposed were not good against said note in the hands of an innocent purchaser.

The judgment of the trial court therefore should be affirmed.

By the court: It is so ordered.