W. C. MASON, *Plaintiff in Error.* v. W. R. FLOWERS AND A. ELLIOTT, *Defendants in Error.*

Division B.

Decision Filed January 30, 1926.

*Leroy V. Holsberry* and *L. V. Trueman,* for Plaintiff in Error;

*R. A. McGeachy,* for Defendant in Error.

BUFORD, J.—This cause comes to this court on writ of error to the Circuit Court of Santa Rosa County from a judgment of nonsuit with bill of exceptions taken by the plaintiff in error, who was plaintiff in the court below when, at the conclusion of the testimony, the court announced that the jury would be given the affirmative charge in favor of the defendants.

Suit was brought by the plaintiff on a written contract in the form of a note or promise to pay money for the purchase price of certain stock in a corporation.

The note attached to the declaration and alleged to be the basis of the cause of action, was in words and figures as follows, to-wit:

"$5,000.00 Atlanta, Ga., October 10, 1919.

Six months after date we promise to pay to the order of H. A. Wheeler, at Tampa, Florida, the sum of Five Thousand ($5,000.00) Dollars, with interest from date until paid, at the rate of eight per cent per annum together with all costs of collection, including ten per cent of the principal and interest thereof as attorney's fees; having attached hereto as general collateral security for the payment of this note the following described property, to-wit: Five hundred (500) shares of the capital stock of the Cuban American Creosote Manufacturing Company, of Tampa, Fla., of the par value of one hundred ($100.00) Dollars each. The said stock having been issued by said company to H. A. Wheeler under date of the 30th day of June, 1919. This note is given for the purchase money of said stock and the same is not transferable or assignable without the said certificate of stock attached hereto. Said

stock is to be delivered up to the makers hereof, A. Elliott and W. R. Flowers, upon the payment of this note. This note becomes void if transferred, sold or assigned without the said certificate of stock attached hereto.

Upon transfer of this note the payee may deliver the said certificate of stock to the transferee, who shall become vested with all powers and rights of the payee in respect hereto.

We waive demand, protest and notice of demand, protest and non-payment.

Given under our hands and seals.

Documentary stamp $1.00　　A. Elliott　　(Seal)

W. R. Flowers　(Seal)"

To this contract there appears to have been attached a certificate of stock in words and figures as follows, to-wit:

"Incorporated under the Laws of the State of Florida

Number 36　　　　　　　　　　　　SHARES 500

CUBAN-AMERICAN CREOSOTE MANUFACTURING COMPANY

Capital Stock $5,000,000.00

This certifies that H. A. Wheeler is the owner of five hundred Shares of the Capital Stock of Cuban-American Creosote Manufacturing Company, transferable only on the books of the corporation by the holder hereof in person, or by attorney upon surrender of this Certificate properly endorsed.

IN WITNESS WHEREOF, the said Corporation has caused this Certificate to be signed by its duly authorized officers, and to be sealed with the Seal of the Corporation, at Tampa, Fla., this 30th day of June, A. D. 1919.

W. T. COATES,　　　HAINES WILDER,

President　　　　　　　　Secretary

Shares　　　$100.00　　Each.

Endorsed on Back:

For value received————hereby assign and transfer to———— Shares of the Capital Stock represented by the within Certificate, and do hereby irrevocably constitute and appoint————to transfer the said Stock on the books of the within named Corporation, with full power of substitution in the premises.

Dated July 17th, 1919

in the presence of: L. A. WOOD.   H. A. WHEELER.''

The evidence was that the stock for which the note was made was entirely worthless, and was known to be worthless by the person to whom the note was made payable and who negotiated the sale of the stock.

It is the contention of the plaintiff that the note was a negotiable instrument and was transferred, assigned, and endorsed before maturity in due course by the payee to the assignee, who was the plaintiff in this action, and that the plaintiff took the note without notice of its infirmities; was an innocent purchaser and holder for value, and was entitled to judgment against the defendants for the amount of the note with interest, costs, and attorney's fees.

After the pleadings were settled the cause came on for trial, and after hearing the evidence the court upon motion of the defendants announced that he would charge the jury to return a verdict in favor of· the defendants upon the theory that the instrument sued on was non-negotiable, that there had been a total lack of consideration for the execution of the instrument and that the plaintiff had only such rights in the premises as might have been enforced by the original maker of the written instrument.

Upon this announcement having been made by the Court, the plaintiff in the court below, the plaintiff in error here, took judgment of non-suit with bill of exceptions.

There were thirty-four (34) assignments of error, but all these assignments have been abandoned except those raising the question of negotiability of the note, therefore, the only question which this court is called upon to determine is whether or not the written instrument sued on was a negotiable enstrument.

Section 4675, Revised Statutes of Florida, provides that an instrument to be negotiable must conform to the following requirements:

"1. It must be in writing and signed by the maker or drawer.

2. Must contain an unconditional promise or order to pay a certain sum in money.

3. Must be payable on demand, or at fixed or determinable future time.

4. Must be payable to order or to bearer; and,

5. Where the instrument is addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty."

The instrument here sued on fails to meet the second requirement of the statute, because it contains the following language: "This note is given for the purchase money of said stock and the same is not transferable or assignable without the said certificate of stock attached hereto. Said stock is to be delivered up to the makers hereof, A. Elliott and W. R. Flowers, upon the payment of this note. This note becomes void if transferred, sold or assigned without the said certificate of stock attached hereto."

This language being contained in the note, loads it with conditions which must be complied with before payment can be enforced by an assignee.

It appears to be a well settled rule of law that a necessary quality of a negotiable paper is that it shall be simple, certain, unconditional and subject to no contingencies. As

some writers have said, it must be a "courier without luggage."

A case directly in point will be found in that of Van Zandt v. Hopkins, 151 Ill. 248, 37 Northeastern 845, though the facts in that case were hardly as strong against the negotiability of the paper as are the fact in the instant case. Numerous authorities will be found cited in that case supporting the principle of law here enunciated. Also see Daniel on Negotiable Instruments, sixth edition, volume one, section 41, et seq., and cases there cited; Story on Promissory Notes, 7th edition, section 22, et seq., and cases there cited.

The language contained in the instrument sued on was such as to make it a non-negotiable instrument and therefore the assignee of such note acquired only such rights to enforce the payment thereof as existed in the original payee thereof, and in an action brought by the assignee to enforce the payment, the defendants were lawfully entitled to the benefits of each and every defense that would have been applicable had the action been brought by the original payee named in the instrument.

Under the facts disclosed by the bill of exceptions the defendants were entitled to have the benefit of the affirmative change.

It is ordered that the judgment of the Circuit Court be, and the same is hereby affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWN, C. J., AND STRUM, J., Concur in the opinion.