J. R. FOWLER, *Plaintiff in Error*, vs. INDUSTRIAL ACCEPTANCE CORPORATION, a corporation, *Defendant in Error*.

Division B.

Opinion filed April 20, 1931.

Petition for re-hearing denied May 13, 1931.

*Hampton & Hampton,* of Gainesville, for Plaintiff in Error;

C. R. *Layton* and H. L. *Gray,* of Gainesville, for Defendant in Error.

Davis, J.—In a suit by Industrial Acceptance Corporation against J. R. Fowler, as defendant, the Court below directed a verdict for the plaintiff for the amount due on an installment promissory note which had been given to Fowler, an automobile dealer, by one C. F. Burke, as part of the purchase price of a Studebaker automobile.

The defense was that the plaintiff was not the owner and holder of the note at the time of the institution of the suit. A set off was also pleaded.

The set off asserted was a claim for eight hundred dollars damages because the note, together with a contract of conditional sale covering the car, and an insurance policy, were all delivered by defendant to a corporation described as ''Industrial Finance Corporation'' and the purchaser allowed possession of the car, which was thereafter stolen, giving rise to a claim for the insurance which it is alleged the said corporation neglected to take any action concerning or make demand for at request of defendant, in consequence of which the defendant Fowler, lost the collateral to his note and failed to obtain credit on the note for the amount of insurance that might have been collected for the theft of the car, and applied to the purchaser's debt.

Plaintiff met the burden of making a *prima facie* case by showing it was the holder of the note sued on, by offering in evidence the deposition of the vice-president of the company to the effect that it held the note and also by producing and filing the original note in evidence.

On the other hand defendant utterly failed to offer any evidence to prove the allegations of his pleas of set off as against the plaintiff. All that he did was to attempt to prove some cause of action against the so called "Industrial Finance Corporation," on the theory that such corporation and plaintiff were in effect one and the same company.

Many alleged errors are urged as to the admission and rejection of evidence but such assignments cannot be sustained because of the familiar rule that proffered evidence must be in accordance with the pleadings in the cause.

It was nowhere shown that there was any legal connection between the plaintiff and the "Industrial Finance Corporation" which would make transactions with the latter admissible against the plaintiff in support of the pleas of set off.

The promissory note sued on must be held to be a negotiable instrument, altho it bore on its face the statement: "This note is for deferred instalments under a conditional sales contract for a motor vehicle.". Voges Motor Co. v. Ward, 123 So. 785, 98 Fla. 304. In that case it was held:

"Reference in bill or note to some extrinsic agreement, in order to destroy negotiability under Comp. Gen. Laws 1927, Secs. 6761, 6763, must be such as indicates that the paper is to be burdened with the conditions of the agreement referred to."

In view of the negotiability of the note and the fact that defendant utterly failed to connect the "Industrial Finance Corporation" with "The Industrial Acceptance Corporation", there was no error in the court's rulings on the rejection of evidence which could only have been admissible in the event such connection was established.

The declaration alleges "said note is payable in the State of Indiana and the highest lawful rate of interest in the State of Indiana is 6% per annum, and the plaintiff is entitled to interest at the rate of 6% per annum from April 7, 1924." The note sued on is not by appropriate words of reference made a part of the declaration, but said declaration in another part of it declares that the maker of the note promised to pay interest on each installment when and where due "at the highest lawful rate." The note itself, which was attached to the plaintiff's pleadings as an exhibit and later introduced in evidence, provides for interest "on each installment after its maturity at the highest lawful rate."

Contention is made that no interest at all can be allowed because the note was payable in Indiana and the State law of Indiana showing the "highest lawful rate" in that State was not proved by evidence at the trial. This contention must be over-ruled.

The plaintiff's statement contained in the declaration is to the effect that the "highest lawful rate" of interest in Indiana is six per cent, which declaration was not denied in any pleading filed by defendant and must be taken as admitted by defendant to be true as stated in the declaration, in the absence of any such denial. Clark v. United Grocery Co., 69 Fla. 624, 68 So. 766, Rules 65 and 66 Circuit Court Rules. No interest appears to have been allowed in the verdict in excess of six per cent per annum on each installment of the note from and after the stated maturities, consequently no error appears here.

The plaintiff in error contends that there was error in the allowance of attorney's fees because no lawful basis for such fees appears in the pleadings or evidence to conform to the rulings of this court on that subject. Blount

Bros. Realty Co. vs. Eilenberger; 124 So. 41, 98 Fla. 775; Brett vs. First National Bank of Marianna, 120 So. 554, 97 Fla. 284.

If such attorney's fees were included in the amount allowed,—$1147.55, the same would be erroneous under the pleadings and evidence in this case, but the record does not sustain the assignment of error in this respect, because it is not shown that the amount of the verdict and judgment embraces any amount whatsoever for attorney's fees as claimed.

The judgment must therefore be affirmed and it is so ordered.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.