## P. J. WILLIAMS INDUSTRIES, Inc., v. FIRST STATE BANK OF LYFORD et al.

### No. 8616.

Court of Civil Appeals of Texas. San Antonio.
May 6, 1931.

Rehearing Denied June 3, 1931.

Jesse G. Foster, of Raymondville, for appellant.

A. B. Crane, of Raymondville, and L. D. Hartwell, of Greenville, for appellees.

SMITH, J.

Antonio Trevino sold three bales of cotton to P. J. Williams Industries, appellant herein, for the sum of $154.96, and the latter gave him its check therefor on the First State Bank of Lyford. Trevino indorsed the check over to W. A. Addington, but payment thereof was stopped by the latter when presented by the indorsee, on account of a dispute over the true ownership of the cotton.

Subsequently appellant instituted this action in the nature of an interpleader against the First State Bank of Lyford, W. A. Addington, Antonio Trevino, and Lorenzo Cavazos, alleging that it had in its hands $154.96, the purchase price of said cotton, which it tendered into the registry of the court to be paid over to the defendants as their right thereto might be ascertained upon the trial. C. A. Sundling intervened, claiming an interest in the stake. The defendant Addington disclaimed any interest in the stake, but in a cross-action sought to recover of the plaintiff (appellee) the amount of the latter's check ($154.96) of which he was an innocent purchaser. The remaining defendants and intervener asserted various interests in the stake held by appellant.

Upon a trial, the court divided the stake among the several claimants therefor, and, in addition, rendered judgment in favor of Addington against appellant for the amount of said check. It was shown upon the trial that Trevino, of whom appellee purchased the cotton, was not the true owner thereof, but that it was the property of defendant Cavazos, subject to the landlord's lien in favor of intervener, Sundling, and a chattel mortgage in favor of the bank.

The Williams Industries, the stakeholder, and the purchaser of the mortgaged property, does not complain of the distribution of the stake tendered by it in the trial court, but has appealed from the judgment recovered against it by Addington for the amount of the check given by appellant and indorsed by the payee to Addington, who was adjudged an innocent purchaser thereof. This statement of the case has been eked out of the record by this court, in the absence of such statement from the briefs of the parties.

Appellant seeks reversal upon two grounds, first, that the justice of the peace court, in which the suit was instituted, was without jurisdiction of the subject-matter; and, second, that appellant's check for $154.96 given to Trevino, and by the latter indorsed to appellee, was not a negotiable instrument, and that therefore appellee could not be held to be an innocent purchaser thereof.

The objection to the jurisdiction of the justice of the peace court is that the amount of the stake, $154.96, tendered by the

plaintiff below, and the same amount sought to be recovered in the cross-action of the defendant below, should be added together for the purpose of determining jurisdiction, and that the sum of those amounts, being $309.92, exceeded the jurisdiction of said court. We overrule this contention. Jurisdiction in such cases is controlled by the maximum amount sought to be recovered by any party, and not by adding together the several amounts sought against each other by the several parties. Crosby v. Crosby, 92 Tex. 441, 49 S. W. 359. The amount in controversy, therefore, was only $154.96, which was within the jurisdiction of the justice of the peace court.

■ With reference to appellant's second contention, it appears that the check in question, otherwise in the usual form, bears a finely printed indorsement upon its back that "original endorser certifies that he is the owner of the commodity for which this check is given and has full authority to sell same." The original indorser was Trevino, the payee, and purported owner of the cotton, but later proven not to be such owner. The question is whether this indorsement deprived the instrument of its negotiability.

We are of the opinion that the printed indorsement upon the check did not affect the apparent negotiability of that instrument, and that the finding of the court from the evidence that appellee took the instrument without notice of any failure of consideration therefor, and under such circumstances as to acquit appellee of any bad faith in acquiring same, is conclusive upon appellant. The indorsement had no more effect than to apprise the purchaser of the instrument that it had been given in payment for a commodity which the maker owned and had authority to sell, which would have been implied even if not expressed; or, in short, that it had been given for a valid and completed consideration, for the purchase of cotton from the payee. It certainly did not amount to a condition that the instrument should not become effective or payable if the recitals in the indorsement afterwards proved to be false. Arrington v. Protective Bureau (Tex. Com. App.) 24 S.W.(2d) 383, 384; American Exchange Bank v. Steeley (Tex. Civ. App.) 10 S.W.(2d) 1038; Mountjoy Parts Co. v. Bank (Tex. Civ. App.) 12 S.W.(2d) 609.

It was said in the Arrington Case that, "in order to render an instrument nonnegotiable by reference to some extrinsic agreement, it must appear therefrom that the paper is to be burdened with the conditions of the agree-

ment. There is nothing in the language used indicating anything more than a mere reference to the transaction out of which the obligation arose. It is in effect a recital that the obligation disclosed by the instrument is one given for the purchase of goods from the drawer by the acceptor."

Appellant relies upon the decision of the Commission of Appeals in Lane Co. v. Crum, 291 S. W. 1084. But the qualification in the instrument involved in that case was unlike that here involved, rendering that decision inapplicable here. It is true that some expressions used in the opinion in that case were broad enough to give color to appellant's contention in this case, but such expressions were explained and their apparent effect expressly neutralized by the Commission of Appeals in the Arrington Case, supra.

The judgment is affirmed.