FIRST BANK OF MARIANNA v. HAVANA CANNING COMPANY.

195 So. 188
Opinion Filed April 2, 1940

*John H. Carter* and *John H. Carter,* Jr., for Petitioner; *Clyde W. Atkinson,* for Respondent.

PER CURIAM.—This case is before us on writ of certiorari granted to the Circuit Court of Gadsden County..

The cause originated in the County Court of Gadsden' County as an action in assumpsit, instituted by an endorsee of a bank "check" against the maker thereof, to recover the face value of said "check" from the maker.

To the single count declaration defendant interposed a demurrer, which the court sustained, and plaintiff declining to amend or plead further, final judgment was entered in favor of defendant.

On appeal to the Circuit Court the judgment was affirmed because the Circuit Judge was "of the opinion that the notation on the check made the same a non-negotiable in-

strument and that the bank taking the same at the time it did is not a holder in due course."

The sole question to be determined is whether the notation "For berries to be delvd us June 8th" appearing in the lower left hand corner of a bank "check" dated June 7th, 1938, rendered the "check" conditional and non-negotiable.

The bank "check" involved here contained the following on its face:

"No. 278                    Havana, Fla. June 7th, 1938.
                "HAVANA STATE BANK
                    "68-170
        "Pay to the order of George Wells $125.00
        "One hundred twenty-five and no/100 Dollars.
"For berries to be delvd          HAVANA CANNING Co.
  us June 8th                      E. J. STEPHENS, Pres."

The "check" contained the following endorsements on the back thereof:

"George Wells
R. E. Wells
Pay to the order of
Any Bank, Banker or Trust Co.
All prior endorsements guaranteed
    Jun. 7, 1938
The First Bank of Marianna
63-106   Marianna   63-106
    Florida
John L. McFarlin, Jr., Cashier
Pay to the order of
Any Bank, Banker or Trust Co.
Previous endorsements guaranteed
    Jun. 8 1938

The Florida National Bank
Jacksonville

63-5   Florida,   63-5

N. A. Wakefield, Cashier."

The word "check" is defined by our statute, Sec. 6924, (4838) C. G. L., as follows:

"A check is a bill of exchange drawn on a bank payable on demand.   Except as herein otherwise provided, the provisions of this Chapter applicable to a bill of exchange payable on demand apply to a check."

A negotiable instrument is defined by our statute, Sec. 6761 (4675) C. G. L., as one which must conform to the following requirements:

"1.   It must be in writing and signed by the maker or drawer.

"2.   Must contain an unconditional promise or order to pay a certain sum in money.

"3.   Must be payable on demand, or at a fixed or determinable future time.

"4.   Must be payable to order or to bearer; and,

"5.   Where the instrument is addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty."

This check is (1) in writing and signed by the maker; (2) contains an order to pay a sum certain in money; (3) is payable on demand; (4) is payable to order and (5) the Havana State Bank is definitely named as drawee therein.

There is only one point to consider, that is, whether the order to pay the sum certain was unconditional.   So far as the check itself is concerned, eliminating from consideration the notation in the lower left hand corner thereof,

it is an unconditional order to pay a sum certain in money. Does the addition of the words in the lower left hand corner, "For berries to be delvd us June 8th," add a condition to the otherwise unconditional order to pay a sum certain in money, and thus destroy its negotiability?

Sec. 6763 (4677) C. G. L., provides in part as follows:

"An unqualified order or promise to pay is unconditional within the meaning of this Chapter, though coupled with:

"2. A statement of the transaction which gives rise to the instrument."

That brings us to the inquiry as to what constitutes a statement of the transaction giving rise to the instrument.

It has been held that a statement in a trade acceptance that the obligation of the acceptor arises out of the purchase of goods from the drawer does not, under this section deprive the instrument of its negotiability. Johnston v. Wolf, 118 Cal. App. 388, 5 Pac. (2d) 673; McCormick & Co. v. Gem. State Oil & Products Co., 37 Idaho 470, 222 Pac. 286, 34 A. L. R. 867; Heller v. Cuddy, 172 Minn. 126, 214 N. W. 924; Coppersmith v. Maunz, 227 App. Div. 119, 237 N. Y. S. 1; Mercantile Protective Bureau v. Specht, 58 N. D. 239, 225 N. W. 794; Traders Securities Co. Kalil, 107 Pa. Super. Ct. 215, 162 Atl. 499; American Exchange National Bank v. Steeley, (Tex. Civ. App.) 10 S. W. (2d) 1038; Arrington v. Mercantile Protective Bureau, Inc., (Tex. Comm. App.) 24 S. W. (2d) 383, affirming (Tex. Civ. App.) 15 S. W. (2d) 663; P. J. Williams Industries, Inc., v. First State Bank of Lyford (Tex. Civ. App.) 38 S. W. (2d) 1109; Bartoshesky v. Houston Trading Corporation, (Del.) 198 Atl. 697. A note containing a statement of the transaction out of which it arose and an agreement to return the goods purchased on default is negotiable. Remedial Plan v. Ott, 199 Ky. 161,

250 S. W. 825. A notation on a trade acceptance "in settlement of the purchase of goods as billed in our invoice No.___, dated_____," does not destroy its negotiability. Levy v. Artophone Co., (Mo. App.) 249 S. W. 158.

It has been held that a notation on the face of a note that it is one of a series referred to in a conditional sale agreement does not render the note non-negotiable, being merely a statement of the transaction which gave rise to the instrument. Vosges Motor Co. v. Ward, 98 Fla. 304, 123 So. 785; Fowler v. Industrial Acceptance Corp., 101 Fla. 259, 134 So. 60. The face that a note retains title to the property described therein as a security for the debt does not destroy its negotiability. Bledsoe v. City National Bank, 7 Ala. App. 195, 60 So. 942; Citizens National Bank v. Buckheit, 14 Ala. App. 511, 71 So. 82, certiorari denied 196 Ala. 700, 72 So. 1019; Dart National Bank v. Burton, 258 Mich. 283, 241 N. W. 858. A note given under a conditional sale contract giving the holder an election to take the property in lieu of payment of money is negotiable. Sandlin v. Maury National Bank, 210 Ala. 349, 98 So. 190.

It has been held that the following notations on otherwise negotiable instruments do not render them non-negotiable; a recital below the maker's signature that the note is "given to secure" a certain sum, Morehead v. Cummins, 207 Mo. App. 64, 230 S. W. 656; the words "for unfinished work on bldg." appearing on face of note, Cincinnati Brush & Mop Mfg. Co. v. Weber, 35 Ohio App. 506, 172 N. E. 568; a check with the clause "to be used in part renewal of note," due on certain date, R. S. Howard Co. v. International Bank, 198 Mo. App. 284, 200 S. W. 91; a note containing the clause "This note is given covering deferred installments under conditional sale contract for a motor vehicle," Continental Guaranty Corp. v. People's Bus Line, Inc., 1 W. W. Harr. (Del.) 595, 117 Atl. 275; a note

stating it is given for the purchase of a stallion which the seller warrants, Critcher v. Ballard, 180 N. C. 111, 104 S. E. 134, see also Welch v. Owenby, 73 Okla. 212, 175 Pac. 746; a note that provides, "This note is given in accordance with a land contract of even date between B. and C.," Doyle v. Considine, 195 Ill. App. 311; and a note containing a statement that it is given to take up the freight and rehandling of a certain car and that the proceeds from resale of such car shall apply on the note. First National Bank of Snohomish v. Sullivan, 66 Wash. 375, 119 Pac. 820, Ann. Cas. 1913C 930.

Words employed on the face of a bank check merely to designate the transaction for which the check is given do not impair the negotiability of an otherwise negotiable instrument, under the provisions of Sec. 6763 (4677) C. G. L. The use of such words on checks is not unusual among business houses or even by private individuals, in the payment of accounts and for services. It is not their intention in making such notation on any check to deny its negotiability but to make it simpler for them when accounting for funds spent to identify a particular check as payment for a particular item. To hold otherwise would destroy the negotiability of a great body of instruments that are commonly negotiable under our present mercantile customs. The fact that such bank check is payment for goods or services that are not furnished at the time the check is issued does not affect the negotiability of the check, provided the notation merely states what the transaction is giving rise to issuance of the check.

In order to render a check non-negotiable by a notation made thereon, words must be employed which clearly show that the maker of the check intended the instrument to be burdened with the condition of the agreement. See First National Bank v. DeWitt, 18 Tenn. App. 634, 81 S. W.

(2d) 396; Verner v. White, 214 Ala. 550, 108 So. 369; Mason v. Flowers, 91 Fla. 224, 107 So. 334; Merchants' National Bank v. Detroit Trust Co., 258 Mich. 526, 242 N. W. 739, 85 A. L. R. 350; Westlake Mercantile Finance Corp. v. Merritt, 204 Cal. 673, 269 Pac. 620, 61 A. L. R. 811. The words "subject to terms of contract" or words of similar import, written on an otherwise negotiable instrument, including a bank check, destroy its negotiability. Verner v. White, 214 Ala. 550, 108 So. 369; Parks v. Eshleman, 165 Ill. App. 420; Mason v. Flowers, 91 Fla. 224, 107 So. 334.

The words employed on the face of the bank check in the instant case, "For berries to be delvd us June 8th," is merely a statement of the transaction giving rise to issuance of the check, and in no way places a limitation upon or impedes its negotiability.

The judgment of the Circuit Court affirming the judgment of the County Court of Gadsden County, is not in accord with the essential requirements of the law; and such judgment is quashed.

It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.