314 So.2d 209 (1975)
HOLLY HILL ACRES, LTD., a Limited Partnership, Appellant,
v.
CHARTER BANK OF GAINESVILLE, a Banking Corporation, et al., Appellees.
No. 74-1251.
District Court of Appeal of Florida, Second District.
May 30, 1975.
Rehearing Denied July 11, 1975.
*210 Robert D. Gatton, of Johnson, Motsinger, Trismen & Sharp, Orlando, for appellant.
Allison E. Folds, of Fagan, Crouch, Anderson & Folds, Gainesville, for appellee, Charter Bank of Gainesville.
SCHEB, Judge.
Appellant/defendant appeals from a summary judgment in favor of appellee/plaintiff Bank in a suit wherein the appellee sought to foreclose a note and mortgage given by appellant.
The appellee Bank was the assignee from appellees Rogers and Blythe of a promissory note and purchase money mortgage executed and delivered by the appellant. The note, executed April 28, 1972, contains the following stipulation:
This note with interest is secured by a mortgage on real estate, of even date herewith, made by the maker hereof in favor of the said payee, and shall be construed and enforced according to the laws of the State of Florida. The terms of said mortgage are by this reference made a part hereof. (Emphasis supplied.)
Rogers and Blythe assigned the promissory note and mortgage in question to the appellee to secure their own note. Appellee sued appellant and joined Rogers and Blythe as defendants alleging a default on their note as well as a default on appellant's note.
Appellant answered incorporating an affirmative defense that fraud on the part of Rogers and Blythe induced the sale which gave rise to the purchase money mortgage. Rogers and Blythe denied the fraud. In opposition to appellee Bank's motion for summary judgment, the appellant submitted an affidavit in support of its allegation of fraud on the part of agents of Rogers and Blythe. The trial court held the appellee Bank was a holder in due course of the *211 note executed by appellant and entered a summary final judgment against the appellant.
The note having incorporated the terms of the purchase money mortgage was not negotiable. The appellee Bank was not a holder in due course, therefore, the appellant was entitled to raise against the appellee any defenses which could be raised between the appellant and Rogers and Blythe. Since appellant asserted an affirmative defense of fraud, it was incumbent on the appellee to establish the non-existence of any genuine issue of any material fact or the legal insufficiency of appellant's affirmative defense. Having failed to do so, appellee was not entitled to a judgment as a matter of law; hence, we reverse.
The note, incorporating by reference the terms of the mortgage, did not contain the unconditional promise to pay required by Fla. Stat. § 673.3-104(1) (b).[1] Rather, the note falls within the scope of Fla. Stat. § 673.3-105(2) (a).[2] Although negotiability is now governed by the Uniform Commercial Code,[3] this was the Florida view even before the U.C.C. was adopted. E.g., the Supreme Court in Brown v. Marion Mortgage Co., 1932, 107 Fla. 727, 145 So. 413, held that certain bonds which were "to be received and held subject to" a certain mortgage were non-negotiable. See also, First Bank of Marianna v. Havana Canning Co., 1940, 142 Fla. 554, 195 So. 188; Voges v. Ward, 1929, 98 Fla. 304, 123 So. 785; Mason v. Flowers, 1926, 91 Fla. 224, 107 So. 334.
Appellee Bank relies upon Scott v. Taylor, 1912, 63 Fla. 612, 58 So. 30, as authority for the proposition that its note is negotiable. Scott, however, involved a note which stated: "this note secured by mortgage." Mere reference to a note being secured by mortgage is a common commercial practice and such reference in itself does not impede the negotiability of the note. There is, however, a significant difference in a note stating that it is "secured by a mortgage" from one which provides, "the terms of said mortgage are by this reference made a part hereof." In the former instance the note merely refers to a separate agreement which does not impede its negotiability, while in the latter instance the note is rendered non-negotiable. See Fla. Stat. §§ 673.3-105(2) (a); 673.3-119.[4]
As a general rule the assignee of a mortgage securing a non-negotiable note, even though a bona fide purchaser for value, takes subject to all defenses available as against the mortgagee. 22 Fla.Jur., Mortgages, §§ 555-56. Appellant raised the issue of fraud as between himself and *212 other parties to the note, therefore, it was incumbent on the appellee Bank, as movant for a summary judgment, to prove the non-existence of any genuinely triable issue. Holl v. Talcott, Fla. 1965, 191 So.2d 40.
Accordingly, the entry of a summary final judgment is reversed and the cause remanded for further proceedings.
McNULTY, C.J., and HOBSON, J., concur.
NOTES
[1] (1) Any writing to be a negotiable instrument within this chapter must:

. . . . .
(b) Contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this chapter.
[2] (2) A promise or order is not unconditional if the instrument:

(a) States that it is subject to or governed by any other agreement.
[3] Florida Statutes Chs. 671-679 inclusive contain the Uniform Commercial Code as adopted by Ch. 65-254, Laws of Florida, effective January 1, 1967, and as subsequently amended.
[4] Official Comment 5 to Fla. Stat. § 673.119 provides:

Subsection (2) rejects decisions which have carried the rule that contemporaneous writings must be read together to the length of holding that a clause in a mortgage affecting a note destroyed the negotiability of the note. The negotiability of an instrument is always to be determined by what appears on the face of the instrument alone, and if it is negotiable in itself a purchaser without notice of a separate writing is in no way affected by it. If the instrument itself states that it is subject to or governed by any other agreement, it is not negotiable under this Article; but if it merely refers to a separate agreement or states that it arises out of such an agreement, it is negotiable. (Emphasis supplied.)