**PINKOWITZ v. NORMAN-DAVID, Ltd., et al.**
No. 75-13031-22
Circuit Court, Dade County.
February 20, 1976.

David Bercuson of Porter, Triester, Donsky & Schur, Miami, for the plaintiff.

Patricia A. Seitz of Steel, Hector & Davis, Miami, for the defendant Southeast First National Bank of Miami.

R. Bruce Wallace of Taylor, Brion, Buker & Greene, Miami, for the defendant Tropical Park, Inc.

JAMES H. EARNEST, Circuit Judge.

This matter is before the court on the motions for summary judgment of defendants Southeast First National Bank of Miami and Tropical Park, Inc. Having considered all pleadings, the arguments of counsel, and being otherwise fully advised in the premises, the court makes the following findings —

This is an action by plaintiff Marin J. Pinkowitz to collect $10,000 from the defendants Norman-David, Ltd., a New York corporation, Norman Kops, Florence Rafsky, Joanne Rafsky, a/k/a Je Gar Joe, Tropical Park, Inc., and the Southeast First National Bank of Miami. The plaintiff has not effected service upon any defendants other than Tropical Park and Southeast First National Bank of Miami. Each defendant, excepting Florence Rafsky, was an endorser of the check in the amount of $10,000 which plaintiff Pinkowitz made payable to the order of defendant Norman Kops on December 23, 1974.

Only the first three counts in the plaintiff's complaint apply to defendants Southeast First National Bank of Miami and Tropical Park, Inc. The determinative issue in each of these counts is whether the subject check was a negotiable instrument.

The question of negotiability of any instrument must be determined by the presence or absence of the legal elements of negotiability on the face of the instrument, which must express the whole contract, rather than by any declaration as to its negotiability or non-negotiability. See *Board of Public Instruction v. Wright,* 77 So. 2d 770 (Fla. 1955). The question of the negotiability of this instrument is a question of law. The court must determine whether the check on its face meets the legal requirement of negotiability.

There is no genuine issue of material fact regarding the notations on either the face or the reverse side of the check. The parties do not dispute that the plaintiff wrote a check on December 23, 1974 in the amount of $10,000 payable to the order of Norman Kops. There is no other relevant notation on the face of the check. On the reverse side there are the following items —

1.  the handwritten notation:
    contingent upon
    Norman-David, Ltd.
    consummating the
    purchase of all capital
    stock of Flair of Miami;

2.  the purported signature endorsement of Norman Kops;

3.  the handwritten number 228-8336;

4.  the handwritten endorsement "Je Gar Jo"; and

5.  the stamped endorsement:
    Pay to the Order of
    The First National Bank of Miami
    135319 Miami, Florida 135319
    For deposit only
    Tropical Park, Inc.
    Horsemen's Account.

§673.104, Florida Statutes, dictates the four legal requirements of a negotiable instrument. To be negotiable, a writing must —

(a)  be signed by the maker;

(b)  contain an unconditional promise or order to pay a sum certain in money and no other promise given by the maker;

(c)  be payable on demand or at a definite time; and

(d)  be payable to the order of the bearer.

Negotiable instruments such as check which on their face meet the statutory requirements are presumed negotiable. *First Bank of Marianna v. Havana Canning Co.,* 195 So. 188 (Fla. 1940). To presume otherwise would destroy the negotiability of an enormous body of instruments used in daily transactions. Negotiable instruments are merely contracts which are easily transferable or assignable. They are intended to be passed along to other individuals not necessarily parties to the instrument who take the item for its stated value based solely upon that which is contained on the face of the instrument.

Mr. Pinkowitz's check meets the basic requirements of negotiability. On the face of the check is Mr. Pinkowitz's signature, the date, and an unconditional payment to the order of Norman Kops of $10,000. There is no other notation contrary to the unconditional promise on the face of the check. Thus the check is a negotiable instrument under §673.104, Fla. Stat.

The plaintiff argues that the unconditional promise on the face of the check was made conditional and therefore non-negotiable by the handwritten notation on the reverse side of the check —

"Contingent upon Norman-David,
Ltd. acquiring all capital stock
of Flair of Miami."

The plaintiff contends that this notation makes the check subject to the terms of an outside agreement and further, that this notation puts subsequent holders on notice that the check is so burdened.

The court finds that as a matter of law this notation is insufficient to render the complete and unconditional promise on the face of the check conditional under both the Uniform Commercial Code and pre-code case law. A maker of a check who seeks to render the check non-negotiable or contingent upon another agreement by a notation on the check must employ words which clearly state that the check is subject to or governed by another agreement. §673.105(2)(a), Fla. Stat.; *First Bank of Marianna,* supra, at page 191.

The check before the court does not contain any statements which fairly construed require the holder to look to another agreement for the terms of payment. There is no notation on the face of the check of any contingency. There is no notation on the face of the check that the complete and unconditional promise is governed by any notation on the reverse of the check. The handwritten notation on the reverse side of the check is undated, unsigned, makes no reference to the maker or payee on the face of the check and is in a place in the reverse side of the check commonly used for endorsements by subsequent holders. Furthermore, the language of the notation bears no apparent relation to the contract on the face of the check; it makes no reference to any controlling agreement; and it does not specify what is governed by the notation. Taken at face value, the notation on the reverse side of the check appears to be a memo by an unknown person on an unknown date referring to a transaction which does not clearly relate to the promise on the face of the check. As a matter of law, the notation on the reverse side of the check is insufficient under both statute and case law to give notice that the clear and unconditional promise on the face of the check is subject to the contingency of the performance of the separate agreement.

If the plaintiff sought to make his promise to pay conditional he should have put a notation on the face of the check which clearly stated that the payment of the check was conditioned upon the terms of the agreement dated December 28, 1974 between Norman-David, Ltd. and the plaintiff. The plaintiff, as the maker of the check, is in the best position to insure that his instrument truly reflects his intent. He must clearly state his intent in simple, straightforward terms which will give subsequent holders precise notice of his intent and any conditions upon his promises.

The plaintiff also argued that the notation on the reverse side of the check constitutes a restrictive endorsement under §673.205, Fla. Stat. As a matter of law under §673.202(2) the notation was not an endorsement. An endorsement must be written by or on behalf of the holder. A holder under §671.201(20) means a person who is in possession of the instrument because it is issued to or endorsed to him or to his order. Under the law the plaintiff is the maker of the check and not a holder.

In addition to the reasons stated above, the defendant Southeast First National Bank of Miami is also entitled to summary judgment under other provisions of the Uniform Commercial Code. Under §673.103(2), Fla. Stat., the provisions governing commercial paper are subject to the provisions of the law on bank deposits and collections (Ch. 674, Fla. Stat.). Only a collecting bank's transferor can give instructions which affect the bank or constitute notice to it and the collecting bank is not liable to prior parties for any actions pursuant to such instructions. In this instance the Southeast First National Bank of Miami is in the position of a collecting bank. It is, therefore, governed only by those instructions of its immediate transferor, Tropical Park, Inc. The endorsement of Tropical Park, Inc. does not contain any specific instructions to the bank which would constitute notice of a conditional promise. Therefore, the plaintiff has no cause of action against the defendant Southeast First National Bank of Miami.

Based upon the foregoing, it is therefore ordered and adjudged that the motions for summary judgment of defendants Southeast First National Bank of Miami and Tropical Park, Inc. are granted.